ELSE M. AXELRAD, Respondent, v. JOHN AXELRAD, Appellant.— In an action to recover arrears claimed to be due as alimony and for support of the children of the parties, under an agreement of separation and a Florida decree of divorce, which decree incorporated and expressly ratified, confirmed and approved the agreement, defendant appeals from a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial. Judgment reversed on the law and the facts, without costs, and complaint dismissed. Findings of fact inconsistent with the views herein set forth are reversed, and new findings in accordance with said views are made. Appeal from order dismissed, without costs, in the light of the determination of the appeal from the judgment. The issue of whether plaintiff waived the difference between the amounts which

defendant was required to pay and what he in fact paid was offered by the disputed amended answer, which was before the trial court, and the disputed pleading has been set forth in the record on appeal as defendant's ultimate pleading. Accordingly, the issue is properly to be considered by us. The agreement of separation, made April 29, 1947, among other things, required appellant to pay the sum of $150 a week as alimony and for the support of the children. The decree of divorce was granted on June 10, 1947. Defendant complied with the requirement to pay this sum until November of 1949, when he suffered a coronary occlusion, and from that time until about the end of April of 1950, his payments were in smaller sums. At about the end of April of 1950, after negotiations between the respective attorneys then representing the parties, in which plaintiff's sister participated — this sister had been acting as in charge of plaintiff's affairs — plaintiff's attorney informed defendant's attorney that plaintiff was willing to accept $120 a week. Shortly thereafter plaintiff's attorney sent his letter, dated May 18, 1950, to defendant's attorney, repeating the statement that plaintiff had agreed to accept the lesser sum of $120 a week, adding: " retroactive as of the time when Dr. Axelrad took sick in November of 1949 ". Thereafter, and up to the time of the commencement of this action in October of 1953, defendant made regular weekly payments in amounts which were, for the main part, $100 or $125. Plaintiff made no protest and did not demand payment at the rate of $150 a week until she commenced this action. " Parties may waive their rights under a contract or under a decree whether foreign or domestic when there is no law preventing waiver ". (Rehill v. Rehill, 281 App. Div. 855, 856, revd. on other grounds 306 N. Y. 126.) Payments for alimony and for support of children, though required to be made by agreement and judgment, may be waived. (Rehill v. Rehill, supra; Bowman v. Bowman, 271 App. Div. 943; Gehring v. Gehring, 262 App. Div. 1065; Windle v. Heard, 254 App. Div. 875; Enthoven v. Enthoven, 225 App. Div. 309; Parker v. Parker, 189 App. Div. 603; Federman v. Federman, 64 N. Y. S. 2d 16.) Although plaintiff's sister testified that during the negotiations in the spring of 1950 it was emphasized that the lesser payments were to be " without prejudice and at a later time we expected the difference ", the above-mentioned statements by plaintiff's attorney, which made no mention of the claim that the difference was to remain owing, treated as evidence of admissions that plaintiff consented to the relinquishment of her right to be paid at the rate of $150 a week, and the acceptance of the lesser payments for a period of about three and a half years after the giving of said consent, without protest or further demand with respect to the amount of the weekly payments, sufficiently established the defense of waiver. While the payments made did not in all equal what the total would have been at the rate of $120 a week, the difference is offset by the undisputed credits to which defendant was entitled, for hospital and medical expenses which defendant paid for plaintiff and by reason of the attainment of maturity of one of the children. Nolan, P. J., Wenzel and MacCrate, JJ., concur; Schmidt and Murphy, JJ., dissent and vote to affirm the judgment and order.