■ HELGA ORITZLAND, Appellant, v. TORKEL ORITZLAND, Respondent.— Appeal from so much of an order as denied appellant's motion to enter judgment, pursuant to section 1171-b of the Civil Practice Act, for arrears in permanent alimony. Order insofar as appealed from reversed, without costs, and motion to enter judgment referred to the Special Term to decide, after a hearing before the court or a referee, whether there was an agreement to waive the payments of alimony provided for in the judgment of divorce, and a waiver. The inquiry should also consider the financial circumstances of the parties during the time involved and at the time of the hearing. On April 30, 1952 a judgment of divorce was entered in favor of appellant which directed respondent to pay $40 weekly for her support and $25 weekly for the support of their infant child. The alimony was fixed after a reference to an Official Referee. Prior to the entry of the judgment respondent was paying $86.67 every two weeks for the support of appellant and the child, pursuant to an order of the Domestic Relations Court of the City of New York. After the entry of the judgment respondent continued to pay $86.67 every two weeks. There is no indication that appellant, prior to making the instant motion in November, 1957, ever took any action to enforce the payment of alimony pursuant to the judgment. She made the motion after respondent had instituted a proceeding, subsequent to

appellant's remarriage in or about July, 1957, to vacate the order of the Domestic Relations Court. There is a conflict in the affidavits of the parties as to whether there was a waiver of the alimony provisions in the divorce decree. Respondent claims that, when the judgment of divorce was entered, he told appellant that he felt the alimony award was excessive and that he intended to appeal. He states that she said it would not be necessary to appeal as she had been mainly interested in obtaining a divorce and had not intended to obtain an increase in alimony, that she advised him that all she would require was that he continue paying $86.67 every two weeks, which would be acceptable to her. Relying on this, he took no further steps and continued paying $86.67 every two weeks. Appellant claims that she never agreed to take less alimony than the amount awarded in the judgment of divorce and that respondent repeatedly refused, after frequent demands, to pay $65 a week as provided for in the judgment. Respondent did not deny the statement in appellant's affidavit that she is informed and believes that respondent is in good health and amply able financially and physically to pay the amount provided in the judgment. Section 1171-b of the Civil Practice Act provides that the court in its discretion may make an order directing the entry of judgment for arrears in alimony or for such part thereof as justice requires, having regard to the circumstances of the respective parties. In our opinion, it was an improvident exercise of discretion to deny appellant's motion without a hearing as to whether there was a waiver and as to the financial circumstances of the parties. A mere acceptance by appellant of amounts less than the amount provided for in the judgment, for the period of time involved, in and by itself, was not a waiver of the provisions as to alimony in the judgment, under the circumstances. Even if there were no agreement to waive the alimony provisions in the judgment, followed by a waiver, other equities should be explored (*Renkoff* v. *Renkoff*, 285 App. Div. 876; *Frederick* v. *Frederick*, 5 A D 2d 783; Civ. Prac. Act, § 1171-b). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.