■ SYLVIA GLASSMAN, Respondent-Appellant, v. SOLOMON GLASSMAN, Appellant-Respondent.— In an action for a separation, in which a judgment was rendered on April 17, 1950 in favor of plaintiff wife, the parties cross-appeal as follows from a resettled order of the Supreme Court, Queens County, dated September 21, 1961. Defendant appeals from so much of said resettled order: (1) as granted plaintiff's motion to resettle a prior order dated July 20, 1961; (2) as granted plaintiff's motion to modify the said judgment by increasing the alimony provision therein contained from $100 a week to $200 a week; (3) as denied his (defendant's) cross motion to modify the judgment by decreasing the alimony provision therein contained; and (4) as directed him to pay all the carrying charges on certain real property in Long Island City. Plaintiff appeals from so much of said resettled order: (1) as limits permanent alimony to $200 a week and as limits support for the infant children to $50 a week; (2) as limits the award of counsel fee to her attorneys to $750; (3) as fails to make the award of alimony retroactive to the date of application; (4) as denies her application for a direction that defendant pay certain medical

and dental expenses; and (5) as denies her application for leave to enter money judgments for alimony arrears. Order modified on the law and the facts by striking therefrom the provisions awarding plaintiff $200 weekly as alimony and $50 weekly for the support and maintenance of the issue of the marriage, making a total of $250 weekly; and by substituting therefor provisions awarding plaintiff $100 weekly as alimony and $100 weekly for the support and maintenance of the issue of the marriage, making a total of $200 weekly. The payments as changed are to begin with the entry of the order hereon. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. As so modified, the resettled order, insofar as appealed from, is affirmed, without costs. We are unable to determine, on the record presented, whether there has been a change in defendant's financial status from that which existed at the time of the rendition of the separation decree in 1950. We find that defendant's annual income is approximately $25,000 and that, under the circumstances disclosed by this record, a fair and reasonable allowance for alimony and support, in addition to the carrying charges on certain real property which defendant has been required to pay, is $200 a week. In all other respects, we are in accord with the disposition of the motions by the Special Term (cf. *Axelrad* v. *Axelrad*, 285 App. Div. 903, affd. 309 N. Y. 687; *Friou* v. *Gentes*, 11 A D 2d 124, 126). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.