SHIRLEY R. MORRIS, Respondent, v JEREMIAH MORRIS, Appellant.

First Department, May 22, 1980

---

## APPEARANCES OF COUNSEL

*Judith R. Richman* of counsel (*Barry H. Singer* with her on the brief; *Lowenthal, Landau, Fischer & Singer, P. C.,* attorneys), for appellant.

*Philip J. Kassel* for respondent.

## OPINION OF THE COURT

LUPIANO, J.

The parties entered into a separation agreement dated

December 3, 1964 which provided, *inter alia,* that the husband, during the joint lives of the parties, and until the remarriage of the wife in the event of a divorce, make certain weekly payments to the wife for her support and maintenance. This agreement was incorporated into, but did not merge with a Mexican divorce decree dated April 8, 1968 dissolving the marriage between these parties. The plaintiff wife, in 1966, brought an action for moneys due pursuant to the agreement, which resulted in a default judgment for the amount demanded in the complaint ($3,168.75) plus interest ($47.53) in addition to costs and disbursements ($157). By summons and certified complaint dated December 14, 1977, plaintiff seeks payments allegedly due her from defendant pursuant to the separation agreement for the period subsequent to June 3, 1966 through December 14, 1977, being a total of (according to plaintiff) 11 years and 27 weeks. In his answer, defendant claims, *inter alia,* that plaintiff, his former wife, waived her claim for these alimony arrears by her inaction and acquiescence in not enforcing her rights under the agreement for this quite substantial period of time. Defendant also claims an accord and satisfaction was reached in 1968 between the parties whereby he paid plaintiff the sum of $5,000 in full satisfaction of his obligations to plaintiff under the agreement.

After issue was joined, the plaintiff moved for summary judgment and the defendant cross-moved for similar relief. Plaintiff, in support of her motion, submitted her own affidavit, with copies of the separation agreement, the Mexican divorce decree, and the default money judgment she had theretofore obtained against defendant. In her affidavit she states that there was no accord and satisfaction, and that there was no waiver as the obligation for payment accrued each week throughout the period of time. She further declares that her former husband's claim of reliance on her inaction in his undertaking the added financial burden of a new family (remarriage with subsequent issue) and the taking of his mother into this new family unit is misplaced in that "[h]e cannot seriously argue that if he had kept up his payments to me he would not have supported his mother or his present wife or child." This is a *non sequitur.* Defendant supports his cross motion for summary judgment by his own affidavit, wherein he states that plaintiff's cause of action for nonsupport for any period prior to the six years before this action was instituted is barred by the Statute of Limitations. He also

states that for any claims not so barred, there are issues of fact to be tried, alluding to the alleged waiver on plaintiff's part and the purported accord and satisfaction. Further, defendant reasserts his reliance on plaintiff's waiver of further support by the alteration in his life-style and the taking on of a permanent family and financial responsibilities which he would not have undertaken but for plaintiff's agreement that he need not continue further support.

Special Term on this record determined that the defendant's cross motion should be granted to the extent that payments which accrued under the agreement more than six years prior to the commencement of the action are barred by the contract Statute of Limitations of six years. Except as thus provided, defendant's cross motion was denied. Plaintiff's motion for summary judgment was granted on the issue of liability, i.e., that apart from the portion of plaintiff's claim barred by the Statute of Limitations, plaintiff was entitled to relief. In order to reach this conclusion, Special Term found, as a matter of law, that there was no accord and satisfaction and that there was no waiver. Respecting the issue of waiver, Special Term observed that the "argument raised by [defendant's] opposition boils down to the contention that plaintiff has slept on her rights for over ten years during which time defendant has remarried, fathered a child, and purchased a home and car, all as the result of having been lulled into a false sense of security by plaintiff's failure to earlier assert her rights under the separation agreement. Even *assuming the truth of these allegations, they do not add up to a defense to an action on contract"* (emphasis supplied).

I perceive no error in Special Term's analysis regarding the issue of Statute of Limitations, having due regard for the legal principles governing disposition of summary judgment motions. However, on the issue of waiver, the record does not permit of a disposition as a matter of law and a trial is accordingly mandated (CPLR 3212, subd [b], "the motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact" other than an issue as to the amount or the extent of the damages).

Beyond peradventure, the contractual right to support payments (alimony) may be waived *(Axelrad v Axelrad,* 285 App Div 903, 904). Obviously, defendant former husband is claiming waiver on the part of his former wife to support payments. Inferentially, on this record, she denies making such waiver.

An issue of fact, not of law, is presented. "Waiver may be express or implied * * * it may be written or verbal. It may be established by express statement or agreement, by acts and conduct manifesting an intent and purpose not to claim the alleged advantage or from which an intention to waive may reasonably be inferred, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive" (21 NY Jur, Waiver, § 93). It is also stated that "[w]hile a waiver may result from acquiescense, it cannot be inferred from mere silence" (21 NY Jur, Waiver, § 94). This arises from Judge CARDOZO's apt observation that "[s]ilence and inaction are not significant of surrender til notice of invasion becomes a challenge to resistance" (*O'Connor v Collins*, 239 NY 457, 462). Thus, the issue is not simply that of addressing the fact of mere silence or mere inaction, but of addressing that silence or that inaction in a given context of surrounding relevant circumstances, the silence and inaction may well become not only significant, but dispositive where it is perceived that "notice of invasion" has indeed become "a challenge to resistance." As Judge CARDOZO noted in confronting the mosaic of relevant circumstances surrounding the silence and inaction in *O'Connor v Collins (supra,* p 462) "There was no occasion to speak earlier, *or so the triers of the facts might say"* (emphasis supplied).

In *Kott v Kott* (16 AD2d 941) the issue of waiver was one of fact and was resolved against plaintiff, who was seeking support payment arrears. The appellate court, noting that the dismissal of the complaints was based upon the finding of the trial court that plaintiff did waive payments for the period sued for, stated (p 941) that nevertheless "plaintiff is entitled to the payments which accrued after the commencement of this action * * * The record is sufficient to substantiate the trial court's finding of oral waiver in July, 1959. Concededly, thereafter, the plaintiff made no demand for payment prior to the commencement of this action. The absence of such demand substantiates the finding of waiver up to the commencement of the action *(Axelrad v. Axelrad,* 285 App. Div. 903, affd. 309 N.Y. 687). We find no proof in the record of any legal consideration for the waiver, or of any facts which might warrant a finding that plaintiff was estopped from making a demand, at the time the action was commenced. As to the payments accruing after the demand, as evidenced by the commencement of the action, the waiver was executory and

should have been held to have been withdrawn by service of the summons and complaint. Under the circumstances, plaintiff had the right to withdraw the waiver insofar as it was executory *(Ripley v. Aetna Ins. Co.,* 30 N.Y. 136, 164; *Zindler v. Levitt,* 132 App. Div. 397)."

Plaintiff, by virtue of having obtained a prior judgment for arrears as above indicated, does not thereby advance herself as one prone to sleeping on her rights. The period of inaction and acquiescence herein was, as already indicated, quite substantial—a period of over 11 years. This inaction of such duration is itself some evidence of waiver and tends strongly to support defendant's claim of waiver by plaintiff.

There is simply no basis on this record for concluding, as a matter of law, that plaintiff did or did not waive her claim to support under the agreement. As the motions for summary judgment relief, apart from the issue of the Statute of Limitations must be denied because of the factual issue raised regarding waiver, I need not and do not confront the issue purportedly raised as to accord and satisfaction, except to note the possible relationship of such issue to the issue of waiver.

Special Term's decision herein on the issue of liability did not dispose of the motion and cross motion for summary judgment, but held final determination in abeyance pending an assessment. The parties obviated the need for an assessment by entering into a stipulation enabling judgment to be immediately entered while preserving their appellate contentions. In light of the aforesaid and on this record, the judgment of the Supreme Court, New York County (BLANGIARDO, J.), entered on October 15, 1979, should be reversed, on the law, without costs, and the plaintiff's motion for summary judgment should be denied, and defendant's cross motion, as already indicated by Special Term, should be granted solely to the extent of dismissing so much of the plaintiff's complaint which demanded payments which accrued more than six years prior to the commencement of the action and should be otherwise denied.

FEIN, J. (concurring). I agree that plaintiff wife's motion for summary judgment should have been denied. Although the evidence in support of the defenses of waiver and accord and satisfaction is sparse, sufficient is alleged to raise a triable issue. However, I do not believe that the fact that the husband remarried, fathered a child, purchased a house and car and assumed the support of his mother is relevant on either issue.

Murphy, P. J., and Birns, J., concur with Lupiano, J.; Fein and Markewich, JJ., concur in opinion by Fein, J.

Judgment, Supreme Court, New York County, entered on October 15, 1979, reversed, on the law, without costs and without disbursements, and vacated, plaintiff's motion for summary judgment denied, and defendant's cross motion, as already indicated by Special Term, is granted solely to the extent of dismissing so much of the plaintiff's complaint which demanded payments which accrued more than six years prior to the commencement of the action, and otherwise denied.