■ SAM AGATI, Appellant, v PHYLLIS AGATI, Respondent. — Order unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: After failing to assert his rights for over 14 years, petitioner brought a motion to enforce that part of a 1967 divorce decree which required that respondent execute and deliver to him a deed to their former marital residence. Special Term erred in denying the motion on the grounds that petitioner waived his rights by his inaction and failure to seek enforcement in a prior proceeding, and that he has "unclean hands" because he failed to comply with that part of the decree which required him to provide health insurance. Rights under a decree may be waived (see *Axelrad v Axelrad,* 285 App Div 903, 904, affd 309 NY 687; *Rehill v Rehill,* 281 App Div 855, 856, revd on other grounds 306 NY 126), but waiver is not created by "[n]egligence, oversight, or thoughtlessness" (21 NY Jur, Estoppel, Ratification, and Waiver, § 95, p 134) and "cannot be inferred from mere silence" (21 NY Jur, Estoppel, Ratification, and Waiver, § 94, p 133; see, also, *Morris v Morris,* 74 AD2d 490, 493). Although petitioner's failure to seek prior enforcement may well have been due to negligence and oversight his mere silence and inaction do not signify a surrender of his rights (see *O'Connor v*

*Collins,* 239 NY 457, 462). Moreover, the earlier proceeding concerned only petitioner's compliance with other portions of the decree and was unrelated to the present relief which he seeks. Further, the "unclean hands" doctrine is applicable only "when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct". (*Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 316; see, also, 20 NY Jur [rev ed], Equity, § 110.) It is undisputed that petitioner purchased respondent's interest in the premises and complied with all the decretal conditions relating to the transfer of the real property. Consequently, he is entitled to have that interest deeded to him. Respondent is directed to execute and deliver to petitioner a deed to the premises in accordance with the divorce decree. (Appeal from order of Supreme Court, Onondaga County, Balio, J. — enforce divorce judgment.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.