Etta S. Friedman, Respondent, v Robert D. Exel, Appellant.

First Department, May 6, 1986

### APPEARANCES OF COUNSEL

*Joel R. Brandes, P. C.,* for appellant.

*Scott J. Gilmore* of counsel *(Myron C. Fox,* attorney), for respondent.

### OPINION OF THE COURT

WALLACH, J.

At issue is whether plaintiff is entitled to a judgment pursuant to Domestic Relations Law § 244 awarding arrears of child support due under a judgment of divorce when for more than 12 years she made no demands upon defendant for payment. Special Term determined that she was, and awarded judgment, as requested, for all of the arrears up to the date the order to show cause initiating this motion was issued. As the issue of waiver required a hearing, the judgment should be reversed.

On June 25, 1968, plaintiff (the mother) was granted a judgment of divorce against defendant (the father) on the ground of cruel and inhuman treatment, the merits of which were not contested. Insofar as pertinent, the judgment awarded custody of the parties' daughter to the mother, denied visitation to the father, and ordered the father to pay $27 a week for the daughter's support and maintenance, "such sum to be paid to the [mother] at 150-25—72nd Road, Flushing, New York, or at such other address as the [mother] may direct".

The record supports the following findings of fact: the mother took the daughter and moved to Florida in 1970; the father continued to make support payments in compliance with the judgment until January 1, 1972; no support payments were made thereafter; the instant motion, made on or about March 30, 1984, was the first demand made by the mother on the father to satisfy his support obligation since he stopped making payments more than 12 years earlier.

Special Term held that the mother's failure to make any demands over this 12-year period was not a waiver of her right to support, but, since the papers before it raised an issue of fact in that regard, it should have held a hearing. Facts pertinent to whether there was a waiver are not in the record, and the contentions of the parties are equivocal. In support of her contention that there was no waiver, the mother asserted that she had only recently learned of the father's whereabouts, and did not know where to send any demands for payment. She suggested, however, that even if she did have such knowledge, she would not have made any demands because the father's violent nature made it prudent that there be no manner of contact with him. Now that the daughter is maturing, however, her needs have substantially increased, she can better cope with the father's cruel personality, and the time is right to pursue him. For his part, the father, contending that there was a waiver, asserted that the mother concealed her whereabouts after moving to Florida, and thus violated the directive in the judgment that she keep him informed of where to forward payment. He failed to explain, however, how it was that he continued to make payments for some two years even after the mother moved to Florida. For all that appears in the record, the mother continued to reside at the same Florida address to which payments were sent during 1970 and 1971, and, as intimated in the papers, the real reason the father stopped making payments was resentment over the mother's changing the daughter's surname from his to hers.

Whether the mother waived her right to the support awarded in the divorce judgment is a question of fact that turns on whether her support of the daughter during this 12-year period was given gratuitously, without expectation of reimbursement from the father *(Maule v Kaufman,* 33 NY2d 58, 62). It is settled that if a child is supported by its mother (i.e., the custodial or dependent parent) without any claim for or expectation of reimbursement, the father's (i.e., the noncustodial or obligated parent) support obligation is deemed satisfied and no action by the mother to recover for child support will lie *(supra,* at pp 60-61). Any inference that a mother's support was given gratuitously is immediately dispelled by a showing that she made demand on the father to meet his support obligation *(supra,* at p 61). The converse, however, is not necessarily true. An inference that a mother's support was given gratuitously is not immediately made out by a showing

that no demands were made *(Morris v Morris,* 74 AD2d 490). " 'While a waiver may result from acquiescence, it cannot be inferred from mere silence' " *(supra,* at p 493).

Thus, cases rejecting a mother's claim for accrued support regard the absence of any demands as important, but not determinative—as something to be considered in light of "a given context of surrounding relevant circumstances" *(Morris v Morris, supra,* p 493; *see, Swanton v Curley,* 273 NY 325, 329; *Pollock v Pollock,* 31 Misc 2d 437, 438-439, cited with approval by the Court of Appeals in *Maule v Kaufman, supra,* at p 61). Sometimes the surrounding circumstances include an express agreement on the subject of support *(see, e.g., Axelrad v Axelrad,* 285 App Div 903, *affd* 309 NY 687; *Bowman v Bowman,* 271 App Div 943; *Gehring v Gehring,* 262 App Div 1065; *Matter of Robinson v Robinson,* 81 AD2d 1028), or an admission *(see, e.g., Keats v Casullo,* 50 Misc 2d 821, cited with approval by the Court of Appeals in *Maule v Kaufman, supra,* at p 61), which tends to explain why a demand was never made and to corroborate a waiver. Financial circumstances are usually pertinent, it having been noted, for example, that "[i]t is not uncommon for a wealthy divorced wife or her parents to assume the duty of supporting children instead of imposing the obligation on a husband and father of limited means" *(Smith v Smith,* 255 App Div 652, 657). Or, as here, a provision in the divorce judgment covering place of payment might have a bearing. But, whatever the circumstances, the nature of this inquiry into the mother's expectations of reimbursement is such as to almost always require a hearing. Almost all of the cases cited in *Maule v Kaufman (supra)* and *Axelrad v Axelrad (supra)* went to trial.

Special Term's finding that there was no waiver was apparently based on a misconstruction of section 244 urged upon it by the mother. Section 244, insofar as pertinent, provides that where a spouse in an action for divorce defaults in paying any sum of money as required by the judgment, the court must grant a judgment for the amount of the arrears "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears." The mother's argument is that her right to a judgment for the arrears is automatic, the father never having come to court to seek relief from the provision of the divorce judgment directing payment of support. This is incorrect. The recent amendment to section 244, making the entry of judgment for arrears

mandatory upon a showing of default and not discretionary with the court as it had been (L 1980, ch 241, § 2; ch 645, § 5; L 1981, ch 695, § 4), does not eliminate the defense of waiver. The intent of the amendment was to do away with retroactive reductions and cancellations of support arrears by shifting the burden of instituting legal proceedings looking toward modification onto the father and by making any relief in such proceedings prospective only (1980 NY Legis Ann, at 256-257). If, in fact, the mother did waive her right to support, the father would not be in default and would have, as the statute puts it, "good cause" for not having come to court for a modification of the divorce judgment (see, Malta v Malta, 87 AD2d 988).

Waivers of this type are revocable at any time, at least in the absence of consideration. As noted, a finding of waiver is inconsistent with a showing of demand, and thus, even if there were a waiver, a mother is entitled to at least prospective payments as of the moment she makes a demand. When the record, as here, fails to disclose when demand was first made, it is deemed made, at the latest, as of the making of the enforcement motion (see, Morris v Morris, 74 AD2d, at pp 493-494; Shickler v Shickler, 97 AD2d 461). There being no indication in the record when the motion was served, the court deems it served as of March 30, 1984, the last day for service as directed in the order to show cause.

So much of the arrearage as accrued more than six years prior to the making of this motion, i.e., March 30, 1978, is barred by the Statute of Limitations (Tauber v Lebow, 65 NY2d 596; Morris v Morris, supra, at p 492).

Interest on any arrears found owing may be awarded only upon a finding that the default was "willful" within the meaning of section 244, and, with respect to arrears that accrued prior to June 25, 1981, computed at the rate of 6% from the date each payment fell due to June 25, 1981, and thereafter at the rate of 9% (see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5004.01a).

Accordingly, the judgment of the Supreme Court, Bronx County (Silbowitz, J.), entered February 14, 1985, should be reversed, on the law, so much of the application as sought to recover arrears that accrued prior to March 30, 1978 denied as time barred, and the matter remanded for a hearing on the issue of whether plaintiff waived all or part of the support that accrued prior to March 30, 1984, without costs.

SANDLER, J. P., ASCH, MILONAS and ELLERIN, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on February 14, 1985, unanimously reversed, on the law, so much of the application as sought to recover arrears that accrued prior to March 30, 1978 denied as time barred, and the matter remanded for a hearing on the issue of whether plaintiff waived all or part of the support that accrued prior to March 30, 1984, without costs and without disbursements.