JANE LANNON, Respondent, v JAMES P. LANNON, JR., Appellant. Memorandum: This is a proceeding to enforce a judgment directing payment of support. Defendant's claim that Supreme Court lacked jurisdiction to entertain the proceeding is without merit. The State Constitution grants general original jurisdiction in law and equity to the Supreme Court (NY Const, art VI, § 7 [a]). Jurisdiction of the Family Court is limited to certain well-defined classes of actions and proceedings (NY Const, art VI, § 13) and as to those, Supreme Court has concurrent jurisdiction (Matter of Seitz v Drogheo, 21 NY2d 181; Kagen v Kagen, 21 NY2d 532). Since the Supreme Court may not be divested of its jurisdiction, the parties' agreement to confer jurisdiction on Family Court cannot act to vitiate the constitutional grant of jurisdiction to Supreme Court (see, Green v Green, 50 AD2d 235; see also, NY Const, art VI, § 19).

Equally without merit is defendant's argument that plaintiff waived her rights to the support payments by having failed earlier to seek enforcement. While it is true that this proceeding was brought more than 7½ years after entry of the judgment, that fact alone does not compel a finding of either waiver or nonwaiver as a matter of law *(Maule v Kaufman,* 33 NY2d 58, 62, *rearg denied* 33 NY2d 940). A waiver is an intentional relinquishment of a known right, either express or implied, by such actions or failures to act as demonstrate an intent to relinquish such right *(Hadden v Consolidated Edison Co.,* 45 NY2d 466). On this record, it is unrefuted by defendant that plaintiff made repeated demands for support payments as required by the separation agreement and the judgment of divorce. It is apparent that she never surrendered her right to receive such payments *(see, Katzenstein v Katzenstein,* 90 AD2d 533).

Other issues raised by defendant are also without merit. (Appeal from order of Supreme Court, Erie County, Sedita, J. —arrears.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.