◼ SALLY THOMPSON, Appellant, v RICHARD LINDBLAD, Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Suffolk County (Levitt, J.), dated September 26, 1985, which denied her motion, *inter alia,* for leave to enter a money judgment for arrears of child support and payments for the maintenance of the former marital home, and for upward modification of these obligations.

Ordered that the order is modified, on the law and facts, by granting the motion to the extent of deleting therefrom the provision denying those branches of the plaintiff's motion for an upward modification of child support and for a computation of child support arrears accruing within six years prior to the institution of this proceeding. As so modified, order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing with respect to those branches of the plaintiff's motion, and without prejudice to the plaintiff to seek enforcement of the provisions of the parties' separation agreement by way of a plenary action.

The parties to this action entered into a separation agreement dated September 30, 1975, and executed a rider thereto on May 6, 1977. They were divorced by a judgment of the Supreme Court, Suffolk County (Lazer, J.), dated July 5, 1977. The judgment requires that the husband make child support payments of $25 per week per child and further provides that the separation agreement would survive and would not be merged in the judgment. The remaining obligations of the husband which the wife seeks to enforce in this proceeding, e.g., monthly home maintenance payments and medical and life insurance provisions, are based upon the provisions of the separation agreement.

Preliminarily, we must address the procedural posture of this case. While we recognize that a motion pursuant to Domestic Relations Law § 244 provides a much more expeditious, economical and less onerous means for a spouse to obtain enforcement of postmarital support obligations than does a plenary action, under existing case law, the provisions

of the Domestic Relations Law are available for enforcement only where the judgment of divorce or a subsequent order contains specific language directing the payment of a sum of money *(see, Baker v Baker,* 66 NY2d 649; *Baratta v Baratta,* 122 AD2d 3; *Sileo v Sileo,* 115 AD2d 535). At bar, the separation agreement was not merged in the judgment of divorce and neither the judgment of divorce nor a subsequently entered order of the Family Court in this case directed payment of any sums of money other than for child support. Accordingly, the plaintiff was entitled to a determination only with respect to her claims for upward modification of child support and any arrears thereof. The plaintiff's remaining claims regarding other obligations arising under the separation agreement may only be enforced by means of a plenary action.

Special Term concluded that the plaintiff's failure to seek enforcement of the terms of the agreement and the judgment over an 8- to 10-year period constituted a waiver of these rights. We disagree. While parties may waive their rights which arise under an agreement or decree *(see, Maule v Kaufman,* 33 NY2d 58; *Axelrad v Axelrad,* 285 App Div 903, *affd* 309 NY 687), waiver is not created by " '[n]egligence, oversight, or thoughtlessness' * * * and 'cannot be inferred from mere silence' " *(Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830, quoting from 21 NY Jur, Estoppel, Ratification, and Waiver §§ 94, 95, at 133-134). The plaintiff had previously obtained an enforcement order from the Family Court in 1979, thus tending to nullify any claim of inaction. Furthermore, she did not engage in any affirmative conduct tending to indicate a waiver *(see, Kott v Kott,* 16 AD2d 941, *affd* 14 NY2d 971; *Oritzland v Oritzland,* 6 AD2d 808), nor has the defendant demonstrated that he was prejudiced by virtue of the plaintiff's inaction *(see, Maule v Kaufman, supra).* We therefore conclude that the plaintiff did not waive her rights under the divorce judgment. Moreover, while we do not pass upon the merits of the plaintiff's claims with respect to the separation agreement, we note that the agreement specifically provides that any waiver of its provisions must be made in a formal writing and that the failure of either party to insist upon the strict performance of its provisions shall not be construed as a waiver.

Special Term did, however, properly determine that the Statute of Limitations operates as a bar to the claims for child support arrears which accrued more than six years prior to the institution of this proceeding *(see, Tauber v Lebow,* 65 NY2d 596; CPLR 213 [1]).

Finally, Special Term erroneously denied the plaintiff's request for upward modification of child support without conducting a hearing. The plaintiff's claim implicated her child's right to receive adequate support and sufficiently demonstrated "the increased needs of the child * * * due to special circumstances [and] to the additional activities of growing children" *(Matter of Brescia v Fitts,* 56 NY2d 132, 141). Thus, the matter is remitted for a hearing on the plaintiff's request for upward modification of child support and the calculation and entry of a judgment as to child support payment arrears. Brown, J. P., Niehoff, Lawrence and Kooper, JJ., concur.