■ CHRISTINE PETRITIS, Respondent-Appellant, v GEORGE PETRITIS, Appellant-Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered September 26, 1979, (1) the defendant husband appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), dated July 3, 1986, as granted the plaintiff wife's application to enter a money

judgment against him in the sum of $9,301.55 plus $10 costs and disbursements, and directed him to pay the plaintiff wife $500 in counsel fees and (2) the plaintiff wife cross-appeals from so much of the same order and judgment as, *inter alia,* denied her application for an upward modification of support payments.

Ordered that the order and judgment is reversed insofar as appealed from by the defendant husband, without costs or disbursements, so much of the plaintiff wife's application as sought to recover arrears that accrued prior to May 27, 1980, is denied as time barred, and the matter is remitted to the Supreme Court, Nassau County, for a hearing with respect to alimony arrears accruing within six years of the institution of the application, particularly with respect to the issues of whether the plaintiff wife was cohabiting with an adult male or whether she waived all or part of the alimony so accrued, and her entitlement to an award of counsel fees, and without prejudice to the plaintiff wife to seek enforcement of the provisions of the stipulation of settlement by way of a plenary action; and, it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]).

The plaintiff wife made an application pursuant to Domestic Relations Law § 244 to recover alimony arrearages pursuant to a judgment of divorce entered September 26, 1979 and reimbursement for medical expenses and nursery school expenses pursuant to a settlement agreement which was not merged in the divorce judgment. The trial court directed, *inter alia,* entry of judgment in the principal amount of $9,301.55, representing alleged arrearages under both the settlement agreement and the divorce judgment and granted the plaintiff $500 in counsel fees pursuant to Domestic Relations Law § 238.

The plaintiff was not entitled to obtain entry of a money judgment on the stipulation, which was not merged in the judgment of divorce, by means of a motion made pursuant to Domestic Relations Law § 244. The provisions of that section are applicable only where the judgment of divorce or a subsequent order contain specific language directing payment of a sum of money *(Baker v Baker,* 66 NY2d 649, 651; *Thompson v Lindblad,* 125 AD2d 460; *Baratta v Baratta,* 122 AD2d 3, 5; *Sileo v Sileo,* 115 AD2d 535, 536). The judgment of divorce directed payment of a sum of money only with respect to child

support and alimony and, therefore, on her application the plaintiff was entitled to a determination only as to her claim for alimony arrearages. The proper remedy for the plaintiff's remaining claims arising under the stipulation agreement would be the commencement of a plenary action *(see, Baker v Baker, supra; Thompson v Lindblad, supra)*.

The application for alimony arrearages is governed by a six-year Statute of Limitations unless the arrearages have been reduced by further proceedings to judgment *(see,* CPLR 213 [1]; *Tauber v Lebow,* 65 NY2d 596; *Welch v Welch,* 130 AD2d 656; *Story v Brady,* 114 AD2d 1026). Therefore, the judgment appealed from erroneously awarded the plaintiff alimony arrears which accrued more than six years prior to commencement of the instant application, i.e., prior to May 27, 1980.

The defendant argues that the alimony payments were suspended for the period commencing November 1, 1979 to August 11, 1980, when the plaintiff wife remarried, because of her cohabitation during that period with her husband-to-be. The provision of the divorce judgment relating to the payment of alimony states that such payments would "be suspended during such periods of time as plaintiff may be regularly cohabiting, i.e. living together with an adult male". The record is insufficient to determine this issue and, therefore, we remit the matter for a hearing with respect thereto.

The hearing should also encompass the issue of whether the wife waived her right to alimony payments. Any claim of waiver may be dispelled by a showing that a demand for payment was made, but such waiver is not immediately demonstrated by a showing that no demand was made *(see, Friedman v Exel,* 116 AD2d 433, 435-436; *Morris v Morris,* 74 AD2d 490, 493). A determination of whether a claim for arrears in alimony has been made generally involves a question of fact requiring a hearing *(see, Friedman v Exel, supra; Morris v Morris, supra)*. At bar, the wife's six-year delay in seeking enforcement of the alimony provisions tends to support a finding of waiver. However, the wife's demand for arrears in alimony cannot be resolved on the basis of the conflicting claims in the record.

Lastly, we address the court's award of counsel fees. Domestic Relations Law § 238, upon which the plaintiff's claim for counsel fees was predicated, does not apply to the claims made under the stipulation agreement *(see, Galyn v Schwartz,* 56 NY2d 969, *modfg* 77 AD2d 437) and, therefore, the counsel fee award with respect thereto must be vacated. The court's award of counsel fees with respect to the wife's claim for

alimony arrearages was also improper. An award of counsel fees on the basis of affirmations alone has been held to be improper in the absence of a stipulation regarding the amount due *(see, Price v Price,* 115 AD2d 530; *Weinberg v Weinberg,* 95 AD2d 828, 829). Rather, an evidentiary hearing is required to examine the financial conditions of the parties and to test in a meaningful way the value and time of the claimed services of counsel *(see, e.g., Price v Price, supra; Sadofsky v Sadofsky,* 78 AD2d 520). Accordingly, the issue of the wife's entitlement to counsel fees on so much of her application which was for enforcement of the alimony provisions of the divorce judgment for the period arising less than six years prior to the commencement of this application should be addressed at the hearing. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.