■ ROSEMARIE MESSINA, Appellant, v MICHAEL MESSINA, Respondent.—In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Nassau County, entered July 28, 1976, the plaintiff appeals from so much of a judgment of the same court (Brucia, J.), dated May 18, 1987, as (1) determined that she had waived her right to receive spousal support payments from the defendant from April 1980 through October 31, 1985, (2) denied her application to recover spousal support in an increased amount pursuant to a stipulation of the parties, (3) denied her application to recover interest on the sum of arrears awarded to her, and (4) denied her application for counsel fees.

Ordered that the judgment is modified, on the facts, by

deleting the first and third decretal paragraphs thereof, and by substituting therefor a provision awarding to the plaintiff arrears at the rate of $45 per week from April 10, 1980 through February 27, 1987; as so modified, the judgment is affirmed insofar as appealed from, with costs payable by the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the calculation of arrears in accordance herewith and for the entry of an amended judgment in favor of the plaintiff.

The parties were married in 1953. In 1976, during the pendency of a divorce action commenced by the plaintiff, they entered into a stipulation whereby the defendant agreed, *inter alia,* to pay $45 per week to the plaintiff as spousal support, said sum to increase to $50 per week upon the emancipation of the parties' minor son. Shortly thereafter, a judgment of divorce was entered in favor of the plaintiff. The judgment provided that the stipulation would survive and not be merged therein, but did not fully set forth the provisions of the stipulation. However, the judgment did provide that the defendant was to pay $45 per week for the support of the plaintiff.

In 1986, the plaintiff made the instant application for an arrears judgment, contending that the defendant had ceased making the payments on or about April 10, 1980. At a subsequent hearing, the plaintiff testified that, despite her repeated entreaties, the defendant failed to make the required payments, citing instances of financial hardship, illness, unemployment, and other excuses as reasons therefor. However, he consistently promised that he would pay what was owed when his financial condition improved. Conversely, the defendant testified that he made the required payments until February 1981, when he became unemployed. He further stated that on June 6, 1981, the parties attended a wedding where the plaintiff purportedly told him during a conversation in their son's presence that she neither needed nor wanted any further support payments from him. The plaintiff denied the existence of this conversation in her hearing testimony. The defendant claimed that the plaintiff never sought financial support from him again until her commencement of a Family Court proceeding in October 1985. Although the defendant subpoenaed the parties' son to testify regarding the aforementioned conversation, the son averred that he had no recollection or knowledge of such a conversation having taken place.

The hearing court found that the plaintiff had orally waived her right to receive spousal support payments from April 1980 through October 31, 1985, but awarded her arrears in the sum

of $3,105, representing payments of $45 per week due from November 1, 1985 through February 27, 1987. Additionally, the court denied the plaintiff's request to recover increased support of $5 per week pursuant to the terms of the parties' stipulation, as well as her requests for an award of interest and counsel fees. We now modify the judgment.

While we are cognizant of the general principle that deference is to be accorded to the hearing court's factual determinations, our review of the credible evidence in the record before us leads us to conclude that no waiver of the plaintiff's right to receive spousal support occurred. The existence of a waiver requires proof of a voluntary and intentional relinquishment of a known and otherwise enforceable right *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175). The defendant herein has failed to meet the burden of proving his waiver defense by credible and persuasive evidence. Indeed, both the plaintiff and the parties' son gave testimony which was logical and consistent and which conflicted with the defendant's claim of waiver. Moreover, the mere fact that the plaintiff delayed in commencing legal proceedings to enforce the support obligation does not itself establish that a waiver occurred *(see, Friedman v Exel,* 116 AD2d 433; *Morris v Morris,* 74 AD2d 490), Accordingly, we find that the plaintiff is entitled to an award of arrears at the rate of $45 per week from April 10, 1980 (the date the defendant ceased making support payments) through February 27, 1987.

However, we agree with the hearing court's disposition of the remaining issues presented. In light of the absence of evidence that the defendant's failure to pay was in willful disregard of the judgment of divorce, the court did not err in failing to award interest and counsel fees to the plaintiff *(see,* Domestic Relations Law § 237 [c]; § 244; *Friedman v Exel, supra).* Furthermore, because the judgment of divorce set forth only the defendant's obligation to pay spousal support at the rate of $45 per week and did not contain the stipulation provision increasing support to $50 per week upon the emancipation of the parties' child, the plaintiff could not recover arrears at the increased rate on this application *(see, Baker v Baker,* 66 NY2d 649; *Sileo v Sileo,* 115 AD2d 535). Recovery of the additional amount may be obtained only by a plenary action on the stipulation agreement itself. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.