■ LUCILLE BARRINGER, Appellant, v ROBERT DONAHUE, Respondent.—In an action to enforce, inter alia, a child support provision of a separation agreement entered into by the parties, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated April 17, 1989, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision that the plaintiff is not entitled to support payments which became due for the period June 19, 1984, through September 6, 1988, and substituting therefor a provision that the plaintiff is entitled to payments for that period; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

In 1984, the plaintiff commenced this action to enforce, inter alia, a child support provision of a separation agreement executed October 2, 1972. The Supreme Court dismissed the complaint on the ground that the plaintiff waived her right to support by failing to make a demand for payment for over 12 years. On appeal, the order was reversed, the complaint was reinstated, and the matter was remitted to the Supreme Court, Nassau County, for a trial on the issue of waiver

*(Barringer v Donahue,* 128 AD2d 579). Following trial, the court found that the plaintiff had waived her right to collect arrears which accrued prior to her demand for payment on June 19, 1984. The court also found that the plaintiff should be estopped from making any claim for prospective payments.

We agree with so much of the court's determination as found that the plaintiff waived her right to collect arrears during the period 1978 through June 18, 1984. Rights under an agreement or decree may be waived *(see, Maule v Kaufman,* 33 NY2d 58, 62; *Petritis v Petritis,* 131 AD2d 651, 653; *Thompson v Lindblad,* 125 AD2d 460, 461). However, "waiver is not created by ' "[n]egligence, oversight, or thoughtlessness" * * * and "cannot be inferred from mere silence" ' " *(Thompson v Lindblad, supra,* at 461; *Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830, quoting from 21 NY Jur, Estoppel, Ratification, and Waiver, §§ 94, 95, at 133-134). The existence of a waiver requires proof of a voluntary and intentional relinquishment of a known and otherwise enforceable right *(see, Messina v Messina,* 143 AD2d 735, 737; *Lannon v Lannon,* 124 AD2d 1051, 1052). The testimony established that the plaintiff waited 12 years and had every opportunity to seek enforcement of the agreement and did not, thus evidencing a voluntary and intentional relinquishment of a known and otherwise enforceable right.

The plaintiff claimed that she made several attempts to collect money from the defendant but that she either got empty assurances or had difficulty locating him. The defendant, on the other hand, denied that the plaintiff ever demanded the support under the terms of the agreement and maintained that the plaintiff was at all times privy to his whereabouts. Resolution of this issue required the trier of fact to assess the relative credibility of the principal witnesses and such determination by the hearing court should not be disturbed if supported by a fair interpretation of the evidence *(see, Schottenfeld v Schottenfeld,* 152 AD2d 690; *Levy v Levy,* 143 AD2d 975, 977).

The trial court erred, however, when it denied the plaintiff's claim for those payments which became due for the period June 19, 1984, through September 6, 1988. "As to the payments accruing after the demand, as evidenced by the commencement of the action, the waiver was executory and should have been held to have been withdrawn by service of the summons and complaint" *(Kott v Kott,* 16 AD2d 941, *affd* 14 NY2d 971; *Shickler v Shickler,* 97 AD2d 461; *Drake v*

*Drake,* 89 AD2d 207, 213). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.