■ SONDRA HABERMAN, Respondent, v MICHAEL HABERMAN, Appellant. [629 NYS2d 65] —In an action pursuant to Domestic Relations Law § 244, the defendant appeals, as limited by his brief, from so much of an order and judgment (one paper) of

the Supreme Court, Nassau County (Levitt, J.), entered March 14, 1994, as (1) granted those branches of the plaintiff's motion which were for leave to enter a judgment for arrears in maintenance and child support, (2) denied the branch of his cross motion which was to direct the plaintiff to pay him rent for her unauthorized use of the marital residence, and (3) is in favor of the plaintiff and against him in the principal sum of $42,490 ($36,490 as arrears in child support and $6,000 as arrears in maintenance).

Ordered that the order and judgment is modified by deleting therefrom the first and fourth decretal paragraphs; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the plaintiff wife's claim for arrears in maintenance and child support is barred on the ground of laches.

Under the terms of a judgment of divorce entered April 25, 1977, the plaintiff was awarded exclusive occupancy of the marital residence until her death, remarriage, or until January 28, 1989, the date the parties' youngest child reached the age of 18, whichever first occurred.

The defendant contends that despite the fact that he asked the plaintiff to list the marital residence for sale in September 1988, the plaintiff refused to do so, insisting instead that the house not be sold until after the youngest child graduated from college.

At the time the youngest child began college in the 1989-1990 school year, the parties' other child was to begin his senior year of college. In anticipation that the children's college expenses and tuition would double during the 1989-1990 school year, the defendant advised the plaintiff that he could not afford to pay the college tuition and expenses for both children while continuing to pay maintenance and child support unless the marital residence was sold and he received his share of the net proceeds from the sale (the judgment of divorce was silent on the issue of the payment of college tuition). Finally, in September 1989, just prior to the youngest child entering his freshman year in college, the plaintiff allegedly agreed to sell the marital residence.

In anticipation that the house would be sold, the defendant agreed to pay for the final year of the oldest child's college education and to pay for the youngest child's college tuition and expenses. However, in November 1989, just two months after the youngest child started college, the defendant contends that the plaintiff "reneged on her promise to sell the former

marital residence, advising the [defendant] that she preferred to live in the house until the youngest child graduated from college". As a result, and with the alleged acquiescence of the plaintiff, the defendant terminated maintenance and child support payments in November 1989 and paid the college tuition and expenses for their oldest child's final year and for all four years for their youngest child.

In 1993, only two weeks after the youngest child graduated from college, the plaintiff moved for leave to enter a judgment for arrears in maintenance and child support, contending that the defendant had ceased making these payments in or about November 1989. The husband cross-moved, *inter alia,* for partition of the marital residence, and opposed the plaintiff's motion asserting that she was guilty of laches in commencing her action for child support and maintenance because she had agreed to waive her right to receive these payments in return for her continued use of the marital residence until the youngest child graduated from college and for the defendant's full payment of the children's college tuition and expenses. As a result, the defendant changed his position to his financial detriment by paying for the children's college tuition and expenses, and by delaying his use of, and forfeiting the interest income from, the proceeds of the sale of the marital residence.

Mere inaction or delay in bringing a proceeding, without a showing of prejudice, does not constitute laches. To preclude a claim on the ground of laches, there must be a showing not only of a delay, but also an injury, change of position, or other disadvantage resulting from such delay *(see, Becker v Becker,* 145 AD2d 968; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852).

Although a party's "[r]ights under an agreement or decree may be waived *(see, Maule v Kaufman,* 33 NY2d 58, 62; *Petritis v Petritis,* 131 AD2d 651, 653; *Thompson v Lindblad,* 125 AD2d 460, 461) * * * 'waiver is not created by " '[n]egligence, oversight, or thoughtlessness' * * * 'and cannot be inferred from mere silence' " ' *(Thompson v Lindblad, supra,* at 461; *Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830, quoting from 21 NY Jur, Estoppel, Ratification, and Waiver, §§ 94, 95, at 133-134). The existence of a waiver requires proof of a voluntary and intentional relinquishment of a known and otherwise enforceable right *(see, Messina v Messina,* 143 AD2d 735, 737; *Lannon v Lannon,* 124 AD2d 1051, 1052)" *(Barringer v Donahue,* 168 AD2d 406).

Here, the proof submitted by the parties established that the plaintiff waited almost four years before moving for a judgment for support and maintenance arrears. Accordingly, under

the circumstances of this case, including the defendant's allegations that he discussed the various economic options with the plaintiff and relied, to his financial detriment, upon her election to remain in the marital residence until the youngest child graduated college, a hearing is required to determine whether the plaintiff's claim is barred by the doctrine of laches.

The defendant contends that, if the wife's claim is not barred by laches, he is entitled to a set-off of the arrears in maintenance and support for the rental value of the marital residence for the wife's use thereof from January 1989 to the date that it was sold. It is a well settled rule that absent an agreement to the contrary, rental value cannot be recovered from a tenant-in-common who occupies the premises with the acquiescence of the cotenant, unless she has interfered with the right of the cotenant to also occupy the premises (see, Oliva v Oliva, 136 AD2d 611; see also, LeBarron v Babcock, 122 NY 153).

To the extent that the defendant claims that he has been excluded from the marital residence, he has waived his right to make such a claim. The defendant, who was remarried, could not expect to co-occupy the premises, a one family home, and therefore he cannot claim that he has been excluded from the marital residence (see, Oliva v Oliva, supra; cf., Worthing v Cossar, 93 AD2d 515, 519; Topilow v Peltz, 25 AD2d 874).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Joy, Hart and Florio, JJ., concur.