■ In the Matter of JUDY A. DOX, Respondent, v TIMOTHY M. TYNON, Appellant. (And Another Related Proceeding.) [644 NYS2d 791] —Yesawich Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered April 18, 1995, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 4, for, *inter alia,* modification of a prior order of child support.

The parties' divorce judgment, dated June 4, 1983, incorporated but did not merge a stipulation which provided, *inter alia,* that respondent would pay petitioner $25 per week per child for the support of their two children. After paying this amount for approximately three or four months, respondent contends that he had a conversation with petitioner in which she essentially told him that she "want[ed] [him] out of her life", to which he responded that if that was her wish, he would stay away from her and the children but that "she would not receive any money from [him]". Petitioner denies having this conversation. Nevertheless, it is undisputed that for some 11 years thereafter, respondent did not call or visit the children and did not pay any child support, and petitioner did not request payment or seek enforcement of the support provisions of the divorce decree.

In November 1994, petitioner applied for an upward modification of respondent's child support obligation with respect to the younger child (the eldest, in the interim, became emancipated), based on a change in circumstances, and also sought a judgment for arrears calculated from September 1, 1983. Respondent did not oppose the modification petition, and stipulated that there had been a change in circumstances warranting an adjustment. He did, however, contest petitioner's entitlement to a judgment for arrears on the ground that she had waived her right thereto in exchange for his agreement not to interfere in her life or seek visitation with the children.

After a hearing, Family Court set respondent's ongoing sup-

port obligation for the younger child, in accordance with the provisions of the Child Support Standards Act, at $165 biweekly, and directed him to pay $28,875 in arrears accrued under the terms of the original decree, along with an additional $1,490.94, representing the amount due since the filing of the modification petition. This appeal by respondent ensued.

At issue is whether petitioner waived her right to the support provided by the original decree. Respondent maintains that Family Court erred in not finding that a waiver had occurred; petitioner urges that the facts adduced at the hearing support the court's conclusion and that, in any event, the doctrine of waiver has been abrogated by recent statutory amendments that eliminate the court's ability to reduce or cancel child support arrears (*see*, Domestic Relations Law § 236 [B] [9] [b]; § 244).

Respondent's contention has merit. Silence and inaction, viewed in light of the surrounding circumstances, can be indicative of a party's intent to waive his or her rights (*see*, *Barringer v Donahue*, 168 AD2d 406, 407; *Petritis v Petritis*, 131 AD2d 651, 653; *Morris v Morris*, 74 AD2d 490, 493). Here, it is undisputed that petitioner made no demand for payment, either informally or through judicial channels, for 11 years, despite having had ample opportunity to do so (*see*, *Barringer v Donahue*, *supra*, at 407; *compare*, *Maule v Kaufman*, 33 NY2d 58, 61; *Thompson v Lindblad*, 125 AD2d 460, 461); that her financial position during that time was sufficiently secure to permit her to assume the duty of support without expectation of reimbursement (*see*, *Friedman v Exel*, 116 AD2d 433, 436), and that she did, in fact, assume that duty; and that there was no overriding reason for her failure to seek the amounts due (*compare*, *Matter of Downer v Downer*, 199 AD2d 1092; *Friedman v Exel*, *supra*, at 435). In these circumstances, petitioner's lengthy delay in seeking enforcement of the decree demonstrates a voluntary and intentional relinquishment of the right to collect support.

As for petitioner's assertion that the 1986 amendments to Domestic Relations Law § 236 (B) (9) (b) and § 244 prohibit the court from considering waiver as a defense to petitioner's application for enforcement of the decree, we disagree, for where there has been a waiver the obligor cannot be said to be in default (*see*, *Friedman v Exel*, *supra*, at 437), a necessary precondition to invoking the statutory provisions upon which petitioner relies. Thus, as we have implicitly recognized on at least one occasion since the effective date of the amendments in question (*see*, *Curtis v Curtis*, 132 AD2d 850, 853, *lv denied*

74 NY2d 616; *cf., Matter of Caruso v Huguenin,* 217 AD2d 622), a valid waiver* can still preclude recovery of child support arrears that are otherwise claimed to be due under an agreement or decree.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as establishes the child support arrears owed by respondent as of November 17, 1994 to be $28,875, and, as so modified, affirmed.

* Of course, relevant to the issue of validity is the well-established principle that an agreement to forego the payment of child support cannot stand in the face of evidence that the subject children's needs are not being met (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). However, there was no proof—nor was it even alleged—that such a circumstance was present in this case.