■ CHARLOTTE S. PECK, Respondent, v HARRIS PECK, Appellant. [649 NYS2d 22] —In an action to enforce certain provisions of a separation agreement and a modification agreement, the defendant former husband appeals from an order of the Supreme Court, Westchester County (Gurahian, J.H.O.), dated July 27, 1995, which found, *inter alia,* after a hearing, that the plaintiff former wife did not waive her right to certain payments due her under the agreements.

Ordered that the order is affirmed, with costs.

Although a party may waive his or her rights under an agreement or decree (*see, Maule v Kaufman,* 33 NY2d 58, 62; *Petritis v Petritis,* 131 AD2d 651, 653; *Thompson v Lindblad,* 125 AD2d 460, 461), waiver is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence (*see, Haberman v Haberman,* 216 AD2d 525; *Thompson v Lindblad,* 125 AD2d 460, 461, *supra; Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830; 21 NY Jur, Estoppel, Ratification, and Waiver, §§ 94, 95, at 133-134). Waiver requires proof of a voluntary and intentional relinquishment of a known and otherwise enforceable right (*see, Haberman v Haberman, supra,* at 527; *see also, Barringer v Donahue,* 168 AD2d 406; *Messina v Messina,* 143 AD2d 735, 737; *Lannon v Lannon,* 124 AD2d 1051, 1052).

Here, the record amply supports the determination that the former wife had not waived her rights to the payments in issue. To the contrary, the record is replete with the former husband's admissions that he was well aware that the former wife had a tendency to misplace his checks, to request that new ones be issued to her, and then to delay in cashing the same. The former husband apparently also knew that prior to 1986, this erratic behavior on the part of the former wife was not an indication that she had waived her rights to the pay-

ments due her. The former wife's pattern of behavior did not substantially change after 1986, which is the period in issue. Accordingly, the determination that the former husband knew that the former wife did not voluntarily and intentionally relinquish her right to payments after 1986 is supported by a fair interpretation of the evidence.

The former husband's remaining contentions are without merit. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.