People v Costantino (2020 NY Slip Op 50937(U))

[*1]

People v Costantino (Erminia)

2020 NY Slip Op 50937(U) [68 Misc 3d 128(A)]

Decided on August 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-217 S C

The People of the State of New York,
Respondent,
against
Erminia Costantino and Keith Sterling, Appellants.

Keith Sterling, appellant pro se.
Erminia Costantino, appellant pro se.
Nica B. Strunk, PLLC (Nica B. Strunk of counsel), for respondent.

Appeal from an order of the Justice Court of the Village of Quogue, Suffolk County (Alan E.
Lazaresck, J.), entered December 19, 2017. The order, upon a stipulation by Erminia Costantino
to have two dogs, Pinot and Anna, declared dangerous dogs under Agriculture and Markets Law
§ 123, after a hearing, determined that the dogs had caused serious physical injuries and
directed that the dogs be euthanzied.

ORDERED that so much of the appeal as was taken by Erminia Costantino is dismissed as
abandoned; and it is further,
ORDERED that the matter is remitted to the Justice Court for a hearing to determine whether
the dogs, Pinot and Anna, are to be declared dangerous dogs and for a report thereafter, and the
appeal is held in abeyance in the interim; the Justice Court shall file its report with all convenient
speed.
In this dangerous dog proceeding, complaints were filed by a Town of Southampton animal
control officer and the three victims of attacks by two dogs known as Pinot and Anna that had
allegedly occurred on August 29, 2017. A notice, dated September 1, 2017, of a dangerous dog
hearing was served upon Erminia Costantino as the dogs' alleged owner. Costantino served
discovery demands upon the People on September 2, 2017. On September 5, 2017, in open [*2]court, after the dangerous dog hearing had commenced but before
all testimony from the individuals who had allegedly been attacked by the dogs had concluded,
Costantino stipulated, with the aid of counsel, to have Pinot and Anna declared dangerous dogs.
On December 5, 2017, at a hearing to determine the appropriate remedy to be imposed, Keith
Sterling appeared. He advised the court that he was the owner of Pinot and Anna, and argued that
he would not have stipulated that the dogs are dangerous dogs, and that he was entitled to a
hearing to determine whether the dogs are dangerous dogs. The court allowed Sterling to be
added as a party to the proceeding, but rejected Sterling's argument that he was entitled to a
hearing to determine whether the dogs should be declared dangerous dogs since Costantino had
already stipulated that Pinot and Anna were dangerous dogs. The court continued with the
hearing to determine whether the two dogs had caused serious physical injury to any of the three
victims that had been attacked. Following testimony from all three victims, the Justice Court
found that the People had established that the dogs had caused serious physical injuries and
ordered that the dogs be humanely euthanized.
On appeal, Sterling argues, among other things, that the proceeding was not properly
commenced since a petition had not been served, that he was not bound by the stipulation entered
into by Costantino, and that he was entitled to a hearing on whether to declare the dogs
dangerous dogs.
Contrary to Sterling's contention, the dangerous dog proceeding was properly commenced, as
a notice was timely served in accordance with Agriculture and Markets Law § 123 (2) upon
Costantino, the dogs' caretaker, who was, thus, an "owner" of the dogs as that term is defined in
Agriculture and Markets Law § 108 (15). Moreover, contrary to his further contention, a
dangerous dog proceeding is not commenced by a notice of petition and petition as required in a
special proceeding commenced under article 4 of the CPLR (see CPLR 402).
Regarding the stipulation entered into by Costantino, a waiver of one's rights cannot be
"created by negligence, oversight or thoughtlessness, and cannot be inferred from mere silence.
Waiver requires proof of a voluntary and intentional relinquishment of a known and otherwise
enforceable right" (Peck v Peck, 232 AD2d 540, 540 [1996] [citations omitted]). Here,
the dogs had been declared dangerous dogs, pursuant to the stipulation to which Sterling was not
a party. The Justice Court added Sterling as a party to the proceeding several months later, when
he appeared in court asserting that he was the owner of the two dogs and, thus, an "owner" as
defined in Agriculture and Markets Law § 108 (15). The record does not establish that
Costantino or her attorney had any authority, implied or otherwise, to stipulate on Sterling's
behalf that the dogs were dangerous dogs or that Sterling had intended to be bound by the terms
of the stipulation. Under these circumstances, once Sterling was added as a party to the
proceeding, he had a right to contest whether the dogs were to be declared dangerous dogs
(see Agriculture and Markets Law § 123 [2]), and the court erroneously refused to
allow him to do so when he attempted to. 
So much of the appeal as was taken by Erminia Costantino must be dismissed as abandoned
since she did not join in the brief on appeal, which was submitted and signed by Sterling,
appearing pro se on the appeal.
Accordingly, the matter is remitted to the Justice Court for a hearing to determine whether
the dogs, Pinot and Anna, are to be declared dangerous dogs and for a report thereafter, [*3]and the appeal is held in abeyance in the interim.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2020