■ EVELYN KOTT, Appellant, v. MILTON KOTT, Respondent.—In an action to recover moneys due for support under a separation agreement, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered October 31, 1961, upon the decision of the court after a nonjury trial, which dismissed the complaint and the supplemental complaint. Judgment reversed on the law and the facts, without costs; and action remitted to the trial court for the entry of an appropriate judgment consistent herewith and for such hearings incident thereto as may become necessary. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The action was commenced by the service of a summons and complaint, dated and verified December 5, 1960. By order of June 12, 1961, plaintiff was permitted to serve a supplemental complaint, alleging the further defaults accruing between December 5, 1960 and May 29, 1961. The dismissal of the complaints was based upon the finding of the trial court " that the plaintiff did waive the support payments for the period sued for herein." In our opinion, plaintiff is entitled to the payments which accrued after the commencement of this action, but defendant should be credited with the payments which he made during this period pursuant to the order of the Domestic Relations Court. The record is sufficient to substantiate the trial court's finding of oral waiver in July, 1959. Concededly, thereafter, the plaintiff made no demand for payment prior to the commencement of this action. The absence of such demand substantiates the finding of waiver up to the commencement of the action (Axelrad v. Axelrad, 285 App. Div. 903, affd. 309 N. Y. 687). We find no proof in the record of any legal consideration for the waiver, or of any facts which might warrant a finding that plaintiff was estopped from making a demand, at the time the action was commenced. As to the payments accruing after the demand, as evidenced by the commencement of the action, the waiver was executory and should have been held to have been withdrawn by service of the summons and complaint. Under the circumstances, plaintiff had the right to withdraw the waiver insofar as it was executory (Ripley v. Ætna Ins. Co., 30 N. Y. 136, 164; Zindler v. Levitt, 132 App. Div. 397). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ KATHLEEN MORRISSEY, an Infant, by Her Guardian ad Litem, JOHN MORRISSEY, et al., Respondents, v. VINCENT ANTONELLIS et al., Appellants.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, defendants appeal from a judgment of the Supreme Court, Nassau County, entered June 28, 1961 upon the decision of the court, after a nonjury trial, in favor of the infant plaintiff for $8,134.50, and in favor of the plaintiff father for $2,000. The plaintiffs cross-appealed from the said judgment on the ground of inadequacy, but such cross appeal has been discontinued. Judgment affirmed, with costs. In our opinion, there was sufficient factual proof to support an inference that (a) defendants' car swerved or ran off the road and collided with the car in which the injured plaintiff was seated, while the latter car was parked off the travelled part of the roadway; and (b) that defendant Antonellis was negligent in the operation of the defendant Cicchette's car. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.