Theodore Velsor, J.
This is an action brought to recover arrears in child support payments allegedly due pursuant to an Alabama decree of divorce which incorporated an agreement made at the time the decree was granted. The alleged arrears amount to $10,025.
The decree and agreement both dated January 4, 1954, provide for the payment of $60 per month for the support of the infant daughter, Gail, of the parties. The defendant made all the necessary payments in 1954. In 1955 he began to fall behind. The last payment was made in October, 1958. During this period the plaintiff Beverly March had several conversations with defendant. At no time were the arrears mentioned. Prior to 1958 the plaintiff Beverly March married Jerry March. Gail was supported in the same fashion as the other children of this marriage. From October, 1958, to March 3, 1971 defendant had only one short conversation with his ex-wife and it did not concern his failure to make the support payments.
The plaintiff Gail Rumish became 21 years of age on March 11, 1971 and this action was commenced shortly thereafter.
The first demand for payment of the arrears was made by a letter dated March 3, 1971 and written by plaintiffs’ attorney.
*25 The provisions of a separation agreement and/or a decree may be waived. (Kott v. Kott, 16 A D 2d 941, affd. 14 N Y 2d 971; Axelrad v. Axelrad, 285 App. Div. 903.) In the instant action plaintiff Beverly March waived the support payments due when she made no demand for a period of 13 years. (Brant v. Brant, 23 Misc 2d 646; Dandridge v. Dandridge, 17 Misc 2d 356.)
An action by children for support payable to a parent pursuant to a separation agreement or decree does not accrue due to a breach unless there are unusual circumstances. (Ben Ami v. Ben Ami, 9 A D 2d 646, affd. 8 N Y 2d 885; Forman v. Forman, 17 N Y 2d 274.) There has been no unusual circumstance established in this action.
The complaint is dismissed without costs to any party.