■ MARTIN SOMACH, Appellant-Respondent, v ESTELLE R. SOMACH, Respondent-Appellant.—In an action in which an interlocutory judgment of the Supreme Court, Kings County, granting plaintiff an annulment, was made on April 25, 1962, (1) plaintiff appeals from an order of the same court, dated October 9, 1974, which, *inter alia,* modified the judgment by directing that he pay defendant alimony of $160 per week, beginning September 23, 1974, and directed that he pay a counsel fee of $4,000; and (2) defendant cross-appeals from said portion of the same order which granted her alimony. Order modified, on the law and in the interest of justice and in the court's discretion, by reducing the alimony award to $100 per week and the counsel fee award to $2,500. As so modified, order affirmed, without costs. It is our opinion that Special Term overestimated plaintiff's ability to pay for his former wife's support and erred in considering his interests in several frozen assets as evidence of his wealth, to wit: the then present market value of his business interests, which constitute his sole source of income, and the then present market value of his home, which he owns jointly with his present wife and which they purchased more than 12 years ago when its price was less than half of its current market value. Certainly, plaintiff should not be expected to sell or encumber these interests in order to support his former wife. In addition, it appears from Special Term's memorandum that, in considering plaintiff's probable unreported income, it placed much weight upon the gross reported sales of plaintiff's business and its gross worth. Greater consideration should have been given, we think, to its net taxable income and net profit, which, in comparison, is nugatory, and to plaintiff's reported income and his many liabilities. While we are in agreement with Special Term that plaintiff is a man of means, we are of the opinion that the record sufficiently establishes that, as a result of his present wife's need for psychiatric care and the illness of his son of his marriage to defendant, together with the ordinary expenses of living, plaintiff's income is well spent and that he has little remaining after his recurring monthly obligations have been met. Defendant is a woman in her early forties who has been certified as being capable of returning to work and being self-supporting. In addition, she receives $50 a month from a trust fund created by her grandmother. It is for the foregoing reasons that we reduce the award of support to defendant. We reduce the counsel fee awarded because of plaintiff's apparent diminished financial position and our belief that he is already heavily burdened (see *Alwardt v Alwardt,* 41 AD2d 592). Latham, Christ, Brennan and Shapiro, JJ., concur; Hopkins, Acting P. J., concurs in the result, except as to the reduction of the alimony award and votes to affirm as to that.