■ NEVA A. DOBBINS, Respondent, v WILLIAM H. DOBBINS, Appellant.— In an action to recover arrears under a separation agreement, the defendant husband appeals from a money judgment of the Supreme Court, Nassau County, entered June 29, 1976, which is in favor of the plaintiff wife, after a nonjury trial. Judgment reversed, on the law, without costs and disbursements, and action remitted to Trial Term for further proceedings consistent herewith. On August 3, 1967 the parties executed a separation agreement which, in pertinent part, provided, in the ninth paragraph thereof: "In the event that (whether because of retirement, or at age 65, and thereafter, whichever occurs later, or because of ill health, loss of employment or otherwise at any time) the payments to be made hereunder to the wife for her own and the children's support shall exceed fifty percent (50%) of the husband's annual salary, wages and income from all other sources, as reported on his Federal income tax return for any year, the wife agrees that *payments to be* made hereunder shall, on the husband's request, be renegotiated. It is the intent of the parties that in such event the payments to the

wife for her own and the children's support shall be reduced to not more than fifty percent (50%) of the husband's annual salary, wages and income from all other sources, and including bonuses, if any." On March 31, 1974 defendant requested that plaintiff renegotiate the stipulated support payments under paragraph 9 of the separation agreement. Defendant had paid the stipulated support of $1,000 per month up to and including August 1, 1973. Between September 1, 1973 and January 31, 1976, arrears in the amount of $10,575 had accumulated. In his answer, defendant alleged that his income had diminished during that period. Plaintiff had refused to renegotiate the agreement pursuant to paragraph 9 despite repeated demands by defendant for her to do so. In a counterclaim, defendant alleged that during the period in question he had paid the sum of $19,123 to plaintiff although only $5,594.50 would have been due and owing to her under paragraph 9. He demanded judgment for the difference. The trial court awarded judgment to plaintiff, holding that the losses and expenses occasioned in the conduct of defendant's business were not to be deducted from his business income for the purpose of measuring his obligation of support under paragraph 9. Defendant contends that this was error. He argues that the parties intended "income" to mean gross business receipts less business expenses directly related thereto. The term "net income" is ambiguous (*Insalaco v Insalaco,* 64 Misc 2d 674, 675); a fortiori, the term "income" is ambiguous. Hence, extrinsic circumstances may be considered in the construction of the agreement (see *Levco Constr. Corp. v State of New York,* 43 AD2d 759, 760-761). In the context of alimony and child support, "income" is ordinarily construed to mean gross receipts less business expenses related thereto (*Somach v Somach,* 49 AD2d 592), because it is the husband's net income that must be referred to in determining his ability to pay. The parties bargained for and agreed upon an "escape valve" which would lessen the defendant's obligation of support when his income diminished. It is improbable that the parties would agree upon a measure of income, such as gross income or receipts, which had no relation to the defendant's actual ability to pay support. Plaintiff argues that "earnings or spendable income" should be the measure of the husband's obligations under paragraph 9; this standard is nothing more than "net income", or gross receipts less losses and business expenses. This construction was also evidenced by the trial testimony of the attorney who represented plaintiff in the drawing of the separation agreement. There is a vast difference between receipts and income. Had it been the intention of the parties to measure defendant's obligations by his gross receipts, without deduction of his business expenses directly related to the production of that income, the agreement would have so provided (see *Bregoff v Rubien,* 12 AD2d 92, 94, affd 10 NY2d 763). Since the parties did not so provide, they must be bound by the agreement as written. Defendant's obligation of support under paragraph 9 should be measured by taking into account all of his income, from whatever source derived, and by deducting therefrom all losses and expenses actually incurred and paid which were directly related to the production of that income. Paper losses and expenses not actually incurred should not be taken into account. The action has therefore been remitted to the trial court for a new determination in accordance with the definition of income set forth herein. Defendant, in his counterclaim, sought to recover overpayments. The trial court properly found against him on the counterclaim (see *Haas v Haas,* 271 App Div 107, 109; *Matter of Klein v Klein,* 58 AD2d 811). Martuscello, J. P., Margett, Suozzi and O'Connor, JJ., concur.