■ In the Matter of JOAN ROBINSON, Appellant, v ROBERT ROBINSON, SR., Respondent. — Order unanimously modified, and, as modified, affirmed, with costs to appellant, and matter remitted to Niagara County Family Court for further proceedings, in accordance with the following memorandum: In a proceeding to enforce the support provisions of a divorce decree, petitioner appeals from a Family Court order which directed payment of $25 weekly for alimony, denied her application for support arrearages and awarded counsel fees of $300. The divorce decree dated January 14, 1974 incorporated without merger a separation agreement dated June 21, 1972 under which respondent agreed to pay weekly support of $85 which was apportioned $15 for each of two children until they attained the age of 21 years or became emancipated and $55 for petitioner. Out of the support moneys petitioner was responsible, *inter alia,* for the payment of the home mortgage on premises jointly owned by the parties at 78 Pine Street in the City of North Tonawanda. On January 14, 1974 an agreement modifying the separation agreement gave respondent the right upon petitioner's default in paying the monthly mortgage installments to make the payments and deduct the amount "from support monies and remit the balance to the wife" (petitioner). Thereafter, respondent paid the monthly mortgage payments, deducted the amount from the $85 weekly support payment and remitted the balance of $55 weekly to petitioner. The Pine Street property was sold in June, 1978 and respondent used the proceeds to acquire solely in his name real property at 116 Hagen Avenue, where petitioner was provided a rent free apartment "so long as she lives" subject to certain conditions which were set forth in an agreement dated June 15, 1978 which further modified the separation agreement. Thereafter, respondent continued to transmit weekly support payments of $55 until one child became emancipated in November, 1979 when respondent reduced the weekly support payments to $27.50. In this enforcement proceeding instituted on December 31, 1979 arrearages of 81 weeks for one child totaling $1,315, 78 weeks for the other child totaling $1,170 and five weeks alimony arising from the $27.50 payments totaling $137.50 were claimed, petitioner contending that the weekly support payments of $55 since June, 1978 were applied by her exclusively to alimony, thus giving rise to her claim for child support arrearages. After a trial the court found that the weekly payments of $55 from June, 1978 until December, 1979 were in full satisfaction of respondent's support obligations, and that on the emancipation of the one child respondent "erroneously deducted" $27.50 rather than $15 from the amount of support. At the time of trial the remaining child had attained 21 years of age. The order entered thereafter "interpreted" the separation agreement, "as incorporated but not merged into the Divorce Decree," and the "two subsequent modifications" to provide that respondent is "obligated to pay the petitioner twenty five ($25.00) dollars per week for alimony only," dismissed the claim for arrearages and awarded counsel fees. We agree in part. The record shows that the petitioner accepted without protest 78 to 80 weekly payments of $55 from June 15, 1978 until December, 1979 as full compliance by respondent with his entire support obligation. Both children testified that petitioner made no complaint about the amount of support payments until she received the $27.50 check in December of 1979. Payments for alimony or for support of children whether under a contract or a decree may be waived even in the face of a nonwaiver provision in the contract *(Axelrad v Axelrad,* 285 App Div 903, 904, affd 309 NY 687; *Rehill v Rehill,* 281 App Div 855, 856, revd on other grounds 306 NY 126; *Clurman v Clurman,* 84 Misc 2d 148, affd 51 AD2d 915). There is no reason to

disturb the trial court's finding of waiver for the period from June, 1978 to December, 1979 (see *Tomaino v Tomaino,* 68 AD2d 267, 269; *McCall v Town of Middlebury,* 52 AD2d 736). The obligation was dissolved because no one compelled the respondent to comply with the decree. The trial court erred, however, when it found that the conduct of the parties "provides the basis for that interpretation and the resolution of any ambiguities." The agreement incorporated in the decree here along with the modifications are clear and unambiguous and the conduct of the parties, which may be a relevant consideration on the waiver issue, cannot revoke or modify the agreement or the decree. It is only on the determination of the meaning of an indefinite or ambiguous contract that the construction placed upon the contract by the parties themselves as established by their conduct is to be considered by the court and is of importance in ascertaining the contract meaning (see *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42; Williston, Contracts [3d ed], § 623, p 789). Neither the separation agreement nor the divorce decree was ever modified, however, to decrease the amount fixed for support and the court erred in reducing respondent's alimony obligation from the weekly sum of $55 to $25. The 1974 modification continued the $85 weekly support commitment but permitted respondent to pay the mortgage installments. The plain language of the agreement authorized respondent to reduce the dollar amount of support he paid petitioner only when he paid the Pine Street mortgage. Under the 1978 modification agreement petitioner was provided the rent free apartment and required to pay "all the utilities" and maintain the apartment, but the writing made no reference to mortgage payments or the amount of the weekly support. Although petitioner by continuously accepting the reduced amounts without taking affirmative action to obtain full payment waived her right to claim the full support during the period from June, 1978 until December, 1979, there is no evidence in the record of any legal consideration to warrant a finding that she was estopped from making a demand for full payment of prospective alimony once the enforcement proceeding was commenced. Her waiver of past due alimony cannot be construed so as to bar her from asserting future claims for alimony based on the provisions of the divorce decree. To be effective, an oral modification must be fully executed or so acted upon that the enforcement of the original agreement would be inequitable and must be deemed withdrawn, in any event, by service of process in the enforcement proceeding (see *Clurman v Clurman,* 84 Misc 2d 148, *supra*). A simple contractual provision could have expressed the parties' intent to diminish respondent's support obligation or a modification proceeding could have been instituted (Domestic Relations Law, § 236; see *McMains v McMains,* 15 NY2d 283). Finally, counsel fees in the amount of $300 were allowed and related by the court to the legal redress sought by wife concerning "respondent's error" in calculating the amount of the December, 1979 support check at $27.50. Apparently a greater sum was not allowed because at the trial level petitioner was unsuccessful in obtaining other relief in connection with the enforcement proceedings. Family Court should make appropriate findings based on the issues before it, an assessment of the amount of arrearages due petitioner, if any, after December, 1979 based on the petition in the within proceeding and an appropriate allowance of counsel fees (see Family Ct Act, § 438; Domestic Relations Law, § 238). (Appeal from order of Niagara Family Court — support.) Present — Dillon, P.J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.