■ MARIA SHICKLER, Appellant, v MARK SHICKLER, Respondent. — In a matrimonial action, plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered December 15, 1981, as denied those branches of her motion which sought an increase in alimony and child support, a wage deduction order, and counsel fees, and granted that branch of her motion which sought a money judgment for arrears only to the extent of $2,175. Order modified, on the law and the facts, by deleting the second decretal paragraph and substituting therefor a provision granting plaintiff a money judgment in the sum of $4,625 representing alimony arrears of $2,500 and child support arrears of $2,125. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The right to alimony payments may be waived by a spouse's failure, over an extended period of time, to demand such payments (see *Axelrad v Axelrad,* 285 App Div 903, affd 309 NY 687; *Matter of Robinson v Robinson,* 81 AD2d 1028; *Kott v Kott,* 16 AD2d 941; *March v Rumish,* 70 Misc 2d 24). There is no reason to disturb the trial court's finding of a waiver of alimony payments for the period from December 10, 1971 to April 22, 1980. The trial court erred, however, when it denied the plaintiff wife's motion for alimony arrears for the period from April 22, 1980, the date her motion was made, to March 31, 1981, the last day of the hearing. Although plaintiff waived her right to alimony payments during the period from December 10, 1971 to April 22, 1980 by failing to demand such payments, "[a]s to the payments accruing after the demand, as evidenced by [the bringing of the motion], the waiver was executory" and should have been held to have been withdrawn by service of the order to show cause (*Kott v Kott, supra;* see, also, *Matter of Robinson v Robinson, supra*). We also find that there was an arithmetic error in the computation of the child support arrears by the trial court to the extent of $50, and have modified the order accordingly. Plaintiff's other contentions are without merit. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.