■ MARTIN HOWARD, Respondent, v PATRICIA HOWARD, Appellant.—In an action, *inter alia,* to modify a separation agreement and to recover accrued arrears thereunder, the defendant wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated May 31, 1984, as denied those branches of her motion which sought (1) an upward modification of the plaintiff husband's child support obligation; (2) entry of a money judgment against him for $1,000 in support and maintenance arrears; (3) an order directing him to post security for future payments of child support; and (4) an award of counsel fees.

Order modified, by deleting the provision thereof denying that branch of the defendant's motion which was for an upward modification of child support. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The parties entered into a separation agreement which thereafter survived and was not merged into a judgment of divorce dated October 15, 1980. Pursuant to subdivision d of

section 1 of article V of the separation agreement, the plaintiff was to pay child support in the amount of $50 per week until such time as the parties' child became emancipated. In March 1984 the defendant moved, *inter alia*, for an upward modification of the plaintiff's support obligation and for a money judgment for arrears. Special Term erred in denying that branch of the defendant's motion which was for an increase in child support without conducting an evidentiary hearing, since the defendant made the requisite showing, by affidavit, of a possible change of circumstances warranting the modification in the best interests of the child *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Verrone v Voegtle,* 103 AD2d 1005; *Stevenson v Stevenson,* 98 AD2d 718; *cf. O'Neill v O'Neill,* 109 AD2d 829).

The defendant next contends that Special Term misconstrued the provisions of the separation agreement governing the termination of the plaintiff's obligation to pay maintenance and, thereby, rewrote the agreement entered into by the parties. Special Term read the provisions of the agreement as indicating that the plaintiff's obligation to pay $450 per month to cover the mortgage and maintenance payments of the former marital residence terminated on November 1, 1983. On the basis of its interpretation, Special Term held that the defendant was not entitled to alleged arrears of $900 representing maintenance payments for February and March 1984. This conclusion is sound. As Justice Gibbons recently stated in *Surlak v Surlak* (95 AD2d 371, 375): "[W]hen the terms of a separation agreement are clear and unambiguous, the general rule is that the intent of the parties is to be found within the four corners of the agreement *(Nichols v Nichols,* 306 NY 490, 496). 'It is only on the determination of the meaning of an indefinite or ambiguous contract that the construction placed upon the contract by the parties themselves * * * is to be considered by the court and is of importance is ascertaining the contract meaning' *(Matter of Robinson v Robinson,* 81 AD2d 1028, 1029; see *Dobbins v Dobbins,* 59 AD2d 548)."

The defendant urges that the plaintiff's obligation to pay maintenance under the terms of the agreement continued until such time as she remarried. In support of her contention, the defendant cites the plaintiff's payment of maintenance for November 1983, December 1983 and January 1984. Although the defendant concededly exceeded the bounds of his obligation to pay maintenance, we do not find that the agreement is ambiguous on the issue of the termination of mainte-

nance payments upon the expiration of five years, at which time the defendant's right to exclusive occupancy of the former marital residence ceased. Therefore, reference to the parties' conduct and the surrounding circumstances for an inference that the defendant was to receive maintenance until she remarried is not warranted. So long as the agreement stands unimpeached, the court cannot alter or change its provisions (see, Christian v Christian, 42 NY2d 63, 71; Surlak v Surlak, supra, at p 380). The defendant makes no claim of fraud, misrepresentation or mistake so as to set aside the agreement. The fact that she may have had a different understanding of the maintenance provisions of the agreement is not sufficient ground to alter those provisions (see, Winant v Winant, 83 AD2d 849).

We have considered the other issues raised by the defendant on appeal and find no abuse of discretion meriting a further modification or vacatur of Special Term's order. Our determination is made without prejudice to any application for counsel fees with respect to the hearing on the defendant's application for an upward modification of child support (see, Domestic Relations Law § 237). Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.