■ BEVERLY F. ALBERT, Appellant, v JAMES T. ALBERT, Respondent. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The parties were married on December 28, 1963 and divorced on February 25, 1970. The divorce decree obligated defendant to pay $50 a week alimony and $16.33 a week for each of the three children, for a total weekly payment of $100. The decree contained an income escalation clause obligating defendant to pay plaintiff one third of his annual gross income over $13,000. Defendant was further required to pay all future undergraduate college expenses incurred by his children, to the best of his financial ability.

In 1973, the parties orally agreed to increase the weekly payment to $115 a week. With minor exceptions, defendant regularly made these payments. Over the years, defendant's gross income exceeded the base $13,000 figure, but defendant did not make additional payments, and plaintiff did not move to compel them.

When the oldest child reached college age, defendant advised the child that he would pay one half of the child's expenses and that the child would be obligated to pay the other half. Plaintiff moved to compel payment of all accrued arrearage under the original order, amounting to some $81,934.97, and to compel defendant to pay all of the children's college costs. Defendant cross-moved to be relieved of all past arrearage and for an order amending the original decree to relieve defendant from all future maintenance obligations.

We agree with the court's determination that plaintiff's quiescent acceptance of reduced alimony payments and her oral agreements to modify the support order constitute a waiver to all arrearage (Matter of Robinson v Robinson, 81 AD2d 1028). We likewise affirm the court's finding that there has been a " 'substantial change of circumstances' " requiring the modification of the original decree to eliminate any future maintenance award (Kover v Kover, 29 NY2d 408, 413; Seeberg v Seeberg, 50 AD2d 713).

We do not agree, however, with the court's finding that defendant's plan to pay one half of the children's college expenses complied with the original order. The order is unambiguous in its terms in requiring that defendant pay all undergraduate college expenses, subject only to his ability to pay. The extent of the defendant's liability in this regard can only be determined following a hearing with regard to each child's expenses and the financial ability of the defendant to pay. (Appeal from order of Supreme Court, Erie County, Moriarty, J.H.O.—reargument.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.