■ RUTH N. STUKALIN, Respondent, v ROBERT STUKALIN, Appellant.—In a matrimonial action in which the parties were previously divorced, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered June 2, 1987, as denied his motion to reconfigure the college cost clause of a separation agreement and found that the three-quarter—one-quarter sharing of expenses provided by the separation agreement does not apply to college costs.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court erred in denying the defendant's request for a hearing regarding the interpretation of subdivision (d) of paragraph 8 of the parties' separation agreement. Subdivision (d), when read in the context of the entire paragraph 8 *(see, Wing v Wing,* 112 AD2d 932), is ambiguous. Inasmuch as no evidence as to their intent at the time of the execution of the agreement was presented by the parties, it was premature for the court to undertake construction of the clause without inquiring into the expectations of the parties at a hearing.

The court also erred in determining that consideration of the issue of whether the defendant was being "double billed" for child support and education expenses was barred by the res judicata doctrine by virtue of a prior order in this action. Thus, this issue should also be considered at the hearing. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.