■ RUTH V. CURTIS, Respondent-Appellant, v GEORGE E. CURTIS, Appellant-Respondent.—Weiss, J. Cross appeals (transferred to this court by order of the Appellate Division, Fourth Department) (1) from a second amended order and judgment of the Supreme Court (Tait, Jr., J.), entered November 22, 1988 in Onondaga County, which, *inter alia,* granted plaintiff a judgment for child support arrearages, and (2) from an order of said court, entered April 20, 1988 in Onondaga County, which denied defendant's motion to compel financial disclosure.

The events underlying this appeal are detailed in our previous decision remitting the case to Supreme Court for a hearing on various issues (132 AD2d 850). Upon remittal, Supreme Court first denied defendant's request to have plaintiff disclose her finances from 1974 forward and specifically limited the scope of the remittal hearing to the specific issues set forth in our prior decision. Following a hearing, the court rejected plaintiff's claim for medical expense reimbursement, awarded plaintiff child support arrearages amounting to $21,839.72, plus interest of $6,599.30, and directed defendant to pay $11,061.50 for the uncovered college expenses of the parties' oldest child, Deborah, for the 1986-1987 and 1987-1988 academic years and to assume the uncovered costs of her remaining two years of college. These cross appeals ensued.

We affirm. Initially, we find that plaintiff's claim for reimbursement of medical expenses was properly rejected. The record confirms that defendant complied with the terms of the separation agreement by continually maintaining health in-

surance coverage for the children. Plaintiff's failure to take advantage of this coverage vitiates her claim.

Next, we find Supreme Court's child support arrearage award to be entirely appropriate. Detailed evidence was presented to establish the governing consumer price index for the period in issue and we discern no error in the court's actual arrearage calculation. The court also properly included the arrearage accruing during the pendency of the proceeding, as requested prior to the remittal hearing *(see,* Domestic Relations Law § 244-a). We further agree that interest on the award was appropriate inasmuch as defendant deliberately discontinued the cost-of-living increments *(see,* Domestic Relations Law § 244; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 753). We are not persuaded by defendant's suggestion that interest was unwarranted because his support obligation flowed from the terms of a separation agreement, not a "lawful court order" *(see, Baker v Baker,* 66 NY2d 649). The enforcement mechanism set forth in Domestic Relations Law § 244 now extends to defaults in payments due, as here, under a separation agreement incorporated by reference into a judgment of divorce *(see,* L 1988, ch 327, eff July 25, 1988; Scheinkman, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244 [1989 Pocket Part], at 123-124). Notably, this amendment applies retrospectively to judgments entered before the effective date (L 1988, ch 327, § 3).

Defendant's principal challenge to the arrearage award is that plaintiff's acceptance of support payments without demanding the annual cost-of-living increments from June 1979 until October 1985 constitutes an implicit waiver of her claim *(see, Matter of Robinson v Robinson,* 81 AD2d 1028). We recognize that a waiver may occur where the custodial parent gratuitously supports a child without expectation of reimbursement *(see, Maule v Kaufman,* 33 NY2d 58, 60-61). The six-year demand gap highlighted by defendant, however, does not compel a finding of waiver *(see, supra,* at 62; *see also, Messina v Messina,* 143 AD2d 735, 737; *Thompson v Lindblad,* 125 AD2d 460, 461; *Lannon v Lannon,* 124 AD2d 1051, 1052; *Friedman v Exel,* 116 AD2d 433, 435-436). There is little dispute that plaintiff demanded the annual increments from 1975 through 1979 and that defendant paid these increments up to 1977. In May 1979, however, defendant, through counsel, represented that he would challenge the escalation clause in court. The record indicates that plaintiff responded by

advising her attorney to discontinue any enforcement measures. Given this background, we are hard pressed to characterize plaintiff's ensuing quiescence as gratuitous. To the contrary, it is evident that her delay in pursuing this claim was prompted by the threat of further litigation, not by the voluntary assumption of defendant's support obligation. Defendant's assertion that he relied on plaintiff's inaction to his financial detriment is entirely unpersuasive. In our view, Supreme Court properly rejected defendant's waiver claim. Moreover, with respect to the waiver issue, we perceive no harm in the denial of defendant's financial disclosure request.

Defendant's suggestion that Supreme Court erred in awarding arrears based on the escalation clause without confirming a substantial change in plaintiff's financial circumstances or considering the factors listed in Domestic Relations Law § 236 (B) (7) is without merit. Plaintiff was entitled to cost-of-living increments as a matter of contract, the terms of which were sufficiently clear to warrant enforcement *(see, Slatt v Slatt,* 64 NY2d 966; *see also,* Domestic Relations Law § 236 [B] [3], [5]).

Finally, Supreme Court had ample basis to find defendant financially capable of paying for Deborah's uncovered college expenses and that he had, in fact, been sufficiently informed of her decision to attend a private university. The resulting financial burden is not oppressive, for Deborah, to her credit, has minimized the uncovered expenses through scholarships, personal loans and summer earnings.

We have examined defendant's remaining contentions and find them unavailing. Additionally, we reject plaintiff's request for counsel fees *(cf.,* Domestic Relations Law § 237 [c], as added by L 1986, ch 149, § 1, eff June 16, 1986).

Second amended order and judgment affirmed, without costs.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.