■ PAUL KASSIRER, Appellant-Respondent, v KERRI C. KASSIRER, Respondent-Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 29, 1992, which, *inter alia,* granted defendant's motion for arrears, ordered plaintiff to pay defendant's interim attorney's fees and transcript costs, increased child support under the *pendente lite* order dated December 7, 1983, and directed that plaintiff provide health and dental insurance for defendant, unanimously modified, on the law, to the extent of vacating so much of the order as granted arrears on the *pendente lite* order, and remanding that issue for a hearing as to whether defendant waived her right to arrears, and otherwise affirmed, without costs.

Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 5, 1992, which, *inter alia,* denied plaintiff's motion for leave to renew and denied defendant's cross-motion for sanctions against plaintiff, unanimously affirmed, without costs.

Since the 1984 interlocutory judgment of divorce specifically provided that payments under the *pendente lite* order should continue, the court did not err in rejecting plaintiff's argu-

ment that the *pendente lite* order terminated upon the entry of the judgment of divorce *(compare, Perrotta v Perrotta,* 149 AD2d 317, *lv dismissed* 74 NY2d 842).

The *pendente lite* order provides, *inter alia,* that plaintiff pay defendant the sum of $300 per week for her maintenance and the sum of $50 per week for the support of the parties' infant daughter. Defendant sought arrears in the sum of $58,800 which had allegedly accrued over a six year period. In opposition to defendant's motion, plaintiff alleged that in 1985, he and defendant orally agreed that plaintiff would pay $700 per month in support, one-half of his daughter's private school education and all of his daughter's medical and dental bills. Plaintiff urged that defendant should be estopped from seeking arrears since plaintiff had relied to his detriment upon his agreement with plaintiff requiring him to pay more than he would have been required to pay under the *pendente lite* order. Assertions contained in the parties' affidavits raise a question of fact as to whether defendant waived her right to arrears under the *pendente lite* order and therefore, the court should have ordered a hearing on the issue *(Friedman v Exel,* 116 AD2d 433).

There is no merit to plaintiff's argument that the court erred in modifying the *pendente lite* order to increase child support and awarding attorney's fees, transcription costs and health and dental insurance to defendant without conducting a hearing. This Court has consistently held that *pendente lite* support and counsel fees may be awarded on affidavits alone and the remedy for any seeming inequity in a *pendente lite* award is a speedy trial *(see, e.g., Gross v Gross,* 44 AD2d 806).

Finally, the court did not abuse its discretion in refusing to impose a sanction against plaintiff pursuant to 22 NYCRR 130-1.1. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.