■ RUTH DESSAUER, Respondent, v HUGH W. DESSAUER, Appellant. [607 NYS2d 205] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The court erred in awarding plaintiff maintenance arrears from June 1986 in the amount of $6,250. In support of his contention that plaintiff agreed to accept reduced payments during that period, defendant submitted a letter dated April 23, 1986, from plaintiff to defendant's former attorney, stating that she agreed to "[defendant's] request" to reduce his monthly support payments. He also asserted that plaintiff accepted 28 reduced payments. Plaintiff testified that she "pleaded with him" by telephone and in letters to pay more but she failed to specify the dates of those telephone calls and letters. A letter from her attorney to defendant dated August 18, 1987, demanding compliance with the separation agreement is the earliest proof that plaintiff intended to enforce the terms of the agreement. Plaintiff is entitled to arrears from the date of that letter *(see, Matter of Robinson v Robinson,* 81 AD2d 1028; *see also, Albert v Albert,* 144 AD2d 1016; *Shickler v Shickler,* 97 AD2d 461). (Appeal from Order of Supreme Court, Suffolk County, Doyle, J.—Support.) Present—Pine, J. P., Lawton, Doerr, Davis and Boehm, JJ.

■ ANN COLE, Respondent, v CHARLES D. COLE, JR., Appellant. (Appeal No. 1.) [609 NYS2d 880] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Nassau County, Morrison, J.—Custody.) Present—Pine, J. P., Lawton, Doerr, Davis and Boehm, JJ.

■ ANN COLE, Respondent, v CHARLES D. COLE, JR., Appellant. (Appeal No. 2.) [609 NYS2d 880] —Appeal unanimously dismissed without costs as moot. Memorandum: Defendant appeals from an order of Supreme Court that granted his motion for reargument and, upon reargument, adhered to its original determination. The court thereby granted plaintiff's motion for additional psychological evaluation of the parties and their two sons prior to determining the issue of custody. Subsequent to the entry of the order appealed from, the enforcement of which was stayed pending resolution of the appeal to the Appellate Division, Second Department, the parties stipulated to forego further psychological evaluation in