■ CHRISTINE MATTERA, Respondent, v LEONARD MATTERA, Appellant. [625 NYS2d 59] —In a matrimonial action in which the parties were divorced by judgment entered March 14, 1975, the former husband appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated May 17,

1994, as amended July 18, 1994, which awarded the former wife arrears of alimony and child support, and granted her leave to enter a money judgment, and (2) a judgment of the same court, dated August 4, 1994, which is in favor of the former wife and against the former husband in the principal sum of $50,475 plus interest of $43,200.73.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, by deleting the award of interest; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of interest in accordance with Domestic Relations Law § 244; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The appellant contends that he was entitled to the cancellation of arrears, or the suspension of future support obligations pursuant to Domestic Relations Law § 241. We reject the appellant's contentions for reasons stated by Justice O'Brien at the Supreme Court, Nassau County.

The appellant failed to proffer any evidence of affirmative conduct demonstrating a waiver of legal rights on the part of the former wife. Thus, he was not entitled to a hearing on his contention that she waived her right to collect arrears (see, Mitchell v Mitchell, 170 AD2d 585).

Pursuant to Domestic Relations Law § 244, interest on arrears "shall be computed from the date on which payment was due, at the prevailing rate of interest on judgments as provided in the civil practice law and rules". It appears in this case that interest on the arrears was improperly calculated. We agree with the respondent that the preferred remedy in this situation is a motion in the court of original instance. However, since the judgment is before us on appeal, we vacate the award of interest and remit for a recalculation in accordance with Domestic Relations Law § 244 (see, Pizzuto v Pizzuto, 162 AD2d 443).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.