■ KAREN LAURENCE, Appellant, v HAROLD ROSEN, Respondent. [645 NYS2d 773]

At issue on this appeal is a provision for spousal maintenance in a separation agreement which was entered into by the parties on January 25, 1974 and incorporated but not merged into a judgment of divorce dated April 25, 1974. The agreement provides, in pertinent part:

"Sixth: The Husband shall make the following payments for alimony and for support of the children:

"(a) Commencing January 1, 1972, fifty percent (50%) of his annual gross income from which gross income there shall be deducted * * *

"(f) It is further agreed that the Husband shall pay to the Wife in addition to the provision in paragraph (a) of this clause as additional alimony fifteen percent (15%) of the Husband's gross income over and above the sum of thirty-two thousand ($32,000.) dollars per annum as such $32,000. is defined herein; however, no additional alimony shall be paid upon the gross income of the Husband in excess of Fifty Thousand ($50,000) Dollars per year.

"(g) It is mutually agreed that with respect to the provision set forth in sub-paragraph (a) of this clause, one-half shall be deemed to be for the support and alimony of the Wife and the balance shall be for the support of the children."

As with other contracts, the intent of the parties to a separation agreement should be found within its four corners, unless the agreement is indefinite or ambiguous, in which case the courts may look to the construction placed upon the agreement by the parties themselves in ascertaining its meaning (*Surlak v Surlak*, 95 AD2d 371, 375).

This agreement is completely unambiguous in its basic requirement that defendant pay 50% of his gross income (minus certain deductions, e.g., income taxes) as combined maintenance and child support, half of which will be deemed to be maintenance. The mere fact that the agreement also provides that, should the husband's income fall between $32,000 and $50,000, he would have to pay an additional percentage of his income, in no way diminishes defendant's basic obligation to pay 50% of his gross income (minus deductions), including that over $50,000.

Moreover, it is clear that, once defendant's income exceeds $50,000, which has been the case since 1981, plaintiff is still entitled to the additional 15% of his income between $32,000

and $50,000 (i.e., 15% of $18,000, which is $2,700) in addition to one half of his annual gross income (minus deductions) as provided for in subparagraph (a). Nothing in subparagraph (f) indicates any intention on the part of the parties to eliminate this additional alimony after defendant's income exceeds $50,000 per year. Instead, the agreement clearly states that the only limitation upon this payment of an additional 15% of defendant's gross income is that it will not be paid upon any of his income which is "in excess" of $50,000.

We further find that plaintiff waived her right to those arrears which accumulated prior to her assertion of her claim in August 1994. Not only does the inference of plaintiff's waiver gain support from her failure to seek enforcement or otherwise demand compliance with the terms of the agreement up to that time (*Albert v Albert*, 144 AD2d 1016, 1017, citing *Matter of Robinson v Robinson*, 81 AD2d 1028; *see also, Shickler v Shickler*, 97 AD2d 461; *cf., Curtis v Curtis*, 151 AD2d 945, 946-947, *lv denied* 74 NY2d 616), but she acknowledged that her reluctance to do so was for the very purpose of influencing defendant to assume more responsibility for their children's educational expenses, which were not specifically covered by the separation agreement. Having thus encouraged defendant to assume financial obligations beyond the agreement's scope in reliance on her apparent willingness to postpone her assertion of her rights under the agreement, she has waived her entitlement to the arrears which accumulated during that period. This waiver does not, however, modify the agreement so as to diminish defendant's obligations to abide by the terms of the agreement commencing with plaintiff's initial demand for such in August 1994 and extending into the future. "To be effective, an oral modification must be fully executed or so acted upon that the enforcement of the original agreement would be inequitable and must be deemed withdrawn, in any event, by service of process in the enforcement proceeding." (*Matter of Robinson v Robinson, supra*, at 1029.)

Finally, we find that defendant has not made a sufficient showing to warrant a hearing on whether the parties actually entered into a separate stipulation regarding their respective obligations to pay for their children's educational expenses. Defendant has not been able to present a copy of the alleged stipulation and efforts to obtain the minutes of the court proceeding at which it was allegedly entered into the record in open court have been unavailing. Moreover, defendant's claim that the alleged stipulation, originally entered into as a tentative agreement, became, on its own terms, binding as a final

agreement upon the failure of the parties to inform the court to the contrary by a date certain is belied by the evidence that the parties continued to negotiate the subject matter of the alleged stipulation subsequent to that date. Significantly, those negotiations resulted in a proposed final stipulation, the terms of which were virtually identical to the tentative agreement. Defendant, moreover, concedes that that proposed final stipulation was never actually executed because, at the last minute, plaintiff lost her job and felt she would be unable to carry out her proposed obligations. Had the alleged tentative agreement actually become binding as defendant now argues, there would have been no reason to continue to negotiate these issues.

Under these circumstances, there is simply no basis upon which to find that the parties actually entered into a binding agreement. Thus, defendant's contention that, according to the terms of the alleged stipulation, he would be permitted to offset his contributions to his children's educational expenses against his maintenance arrears is irrelevant. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Ross, JJ.