■ FLORENCE FOX, Respondent, v THOMAS RIDINGER, Appellant. [651 NYS2d 41] —Order, Family Court, New York County (George Jurow, J.), entered October 30, 1995, which rejected respondent's objection to a decision and order of the Hearing Examiner dated April 5, 1995, calculating the current amount of monthly maintenance at $577.27, and granting petitioner arrears in the amount of $13,181.58, unanimously affirmed, without costs.

The Hearing Examiner properly calculated the current monthly maintenance according to the provisions in the parties' agreements, which required that the maintenance be set at $300 in 1981, and increase in each successive year in an amount proportionate to the increase in the Consumer Price Index. Neither the Hearing Examiner nor the Family Court were bound by the calculations in an order issued by another Family Court Judge in 1984, which erroneously calculated the 1984 monthly maintenance as a lesser amount.

The finding that petitioner did not waive her right to increased alimony payments, by failing to object to the lesser amount received for ten years, was also proper. As the Hearing Examiner found, the parties' agreement included a provision that no waiver of any rights would be effective unless in writing, which was absent here. There was also evidence in the record that petitioner made some attempts to obtain the proper cost of living increases either by seeking enforcement, or contacting respondent to no avail (*see, Mattera v Mattera,* 214 AD2d 544; *cf., Laurence v Rosen,* 228 AD2d 373). A new hearing on the waiver issue is not required, since respondent was given the opportunity and in fact did raise the waiver issue during the hearing conducted herein (*cf., Kassirer v Kassirer,* 187 AD2d 309). Further, given petitioner's efforts to obtain the increases, the doctrines of laches and estoppel did not bar her claim for arrears (*see, Matter of Karen Beth B. v Douglas G.,* 216 AD2d 12).

Respondent's remaining contentions are without merit. Concur—Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.