■ VIRGINIA ARGENTO, Respondent-Appellant, v ANTHONY ARGENTO, Appellant-Respondent. [758 NYS2d 166] —In a matrimonial action in which the parties were divorced by judgment dated July 19, 2000, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated August 19, 2002, as granted that branch of the motion of the plaintiff former wife which was, in effect, to direct him to pay her the remainder of the proceeds from the sale of the marital home, to the extent of directing him to pay her the sum of $179,180.26 plus statutory interest from December 12, 2000, and the plaintiff former wife cross-appeals from so much of the same order as, in effect, directed the plaintiff former husband to pay her only $179,180.26.

Ordered that the order is modified by deleting the provision thereof directing the defendant to pay the plaintiff the sum of $179,180.26 with statutory interest from December 12, 2000, and substituting therefor a provision directing the defendant to pay the plaintiff the sum of $256,098.82 with statutory interest from December 12, 2000; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the defendant shall comply with the decision and order of this Court within 30 days after service upon him of a copy thereof; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties to this matrimonial action differ in their interpretation of an oral stipulation read in open court. The defendant agreed "to be solely responsible for all of the tax liens and any other liabilities regarding his properties." The question presented is whether that agreement applies to the liens and mortgages on the marital home, which the defendant's corporation owned, or whether the liens and mortgages would be deducted from the "proceeds of the sale" of the marital home, which proceeds were to be used by the plaintiff to buy a new residence. Adopting the latter interpretation, upon the sale of the marital home for $366,000, the defendant sent the plaintiff a check for approximately $71,000 as the entire proceeds of sale, after deducting expenses including, inter alia, tax warrants, the outstanding mortgage, broker's fees, legal fees, and transfer taxes.

An oral stipulation of settlement that is made in open court

and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect. The role of the court is to determine the intent and purpose of the stipulation based on the examination of the record as a whole (*see Matter of Weiss v Weiss,* 289 AD2d 498 [2001]; *Carnicelli v Carnicelli,* 205 AD2d 726, 727-728 [1994]). If the contract is ambiguous, the court may consider the construction placed on the contract by the parties to help ascertain the meaning (*see Howard v Howard,* 120 AD2d 567 [1986]). Whether a contract is ambiguous is a question of law for the court (*see JJFN Holdings v Monarch Inv. Props.,* 289 AD2d 528, 531 [2001]). In this case, the Supreme Court correctly determined that the agreement was ambiguous. After conducting a hearing, the Supreme Court concluded that the "proceeds of sale" meant the proceeds minus "the usual and normal costs of sale." The Supreme Court held that the plaintiff was not responsible for the corporate tax liens, and ordered the defendant to reimburse her for such tax liens in the amount of $179,180.26. However, it did not reimburse her for the outstanding mortgage on the marital home.

We agree with the Supreme Court's definition of "proceeds of sale," but conclude that under the circumstances of this case, the outstanding mortgage is not a "usual and normal" cost of sale. We note that the defendant testified that he understood the provision regarding liens and liabilities to mean that he was responsible for tax liens and mortgages on his properties. Thus, the court also should have directed the defendant to reimburse the plaintiff for the $76,918.56 corporate mortgage on the property in addition to the corporate tax lien.

The parties' remaining contentions are without merit. Feuerstein, J.P., H. Miller, Townes and Rivera, JJ., concur.