■ Joseph Gentile, Appellant, v Carol Gentile, Respondent. [817 NYS2d 550]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 29, 2005. The order, among other things, directed plaintiff to pay maintenance.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the third ordering paragraph and by providing that the hearing shall be before a different justice and shall also include the date on which plaintiff's maintenance obligation commenced and the amount of attorney's fees to be awarded and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order that, inter alia, granted those parts of defendant's motions seeking to enforce a judgment of divorce that incorporated but did not merge the

terms of the parties' oral stipulation. We agree with plaintiff that Supreme Court erred in determining that the terms of the stipulation are clear and unambiguous with respect to maintenance. "A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation as illustrated in the record as a whole" (*De Gaust v De Gaust*, 237 AD2d 862, 862 [1997]; *see Cuda v Cuda* [appeal No. 2], 19 AD3d 1114 [2005]; *Argento v Argento*, 304 AD2d 684, 684-685 [2003]). We conclude that a hearing is required to enable the court to determine the intent of the parties with respect to the date on which plaintiff's 10-year maintenance obligation commenced (*see generally Argento*, 304 AD2d at 684-685). Although we reject plaintiff's further contention that the court abused its discretion in awarding defendant attorney's fees (*see* Domestic Relations Law § 238), we agree with plaintiff that a hearing is required "regarding the extent and value of the services rendered" (*Ott v Ott*, 266 AD2d 842, 842 [1999]; *see Redgrave v Redgrave*, 304 AD2d 1062, 1066-1067 [2003]; *Rosenberg v Erber*, 283 AD2d 417, 418 [2001]).

Finally, we conclude that the court properly determined that a hearing is required to determine whether defendant waived her right to receive a higher amount of monthly maintenance (*cf. Laurence v Rosen*, 228 AD2d 373, 375 [1996]; *see generally Fox v Ridinger*, 234 AD2d 131 [1996]; *Dessauer v Dessauer*, 199 AD2d 1090 [1993]; *Albert v Albert*, 144 AD2d 1016, 1017 [1988]). We therefore modify the order by vacating the third ordering paragraph and by providing that the hearing shall be before a different justice and shall also include the date on which plaintiff's maintenance obligation commenced and the amount of attorney's fees to be awarded. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.