■ MYRNA WALKER, Respondent, v ROBERT WALKER, Appellant. [840 NYS2d 260]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered January 27, 2006. The order, among other things, denied that part of defendant's motion for an order directing plaintiff to comply with an oral stipulation of the parties made in open court and to transfer certain real property to defendant.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the matter is remitted to Supreme Court, Oswego County, for a hearing in accordance with the following memorandum: Defendant moved by order to show cause for an order, inter alia, directing plaintiff to comply with an oral stipulation of the parties made in open court, incorporated but not merged in their judgment of divorce, concerning the division of a parcel of real property. We agree with defendant that Supreme Court erred in ordering that the parcel be divided in accordance with a survey map procured by plaintiff. "An oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect" (*Argento v Argento*, 304 AD2d 684, 684-685 [2003]). "The role of the court is to determine the intent and purpose of the stipulation based on the examination of the record as a whole" (*id.* at 685; *see Gentile v Gentile*, 31 AD3d 1158, 1159 [2006]), and "[w]e conclude that a hearing is required to enable the court to determine the intent of the parties with respect to the [division of the parcel in question]" (*Gentile*, 31 AD3d at 1159). Here, the stipulation provides that defendant "would be entitled to one-half or 37½ acres off the westerly side of that parcel of 75 acres." We conclude that the stipulation is ambiguous because there is no mechanism by which to determine how much of defendant's 37½ acres must be from the "westerly side" of the parcel. Stated otherwise, the stipulation provides no basis from which to discern a dividing line. Because the stipulation uses the disjunctive term "or," we

are unable to agree with our dissenting colleague that the stipulation unambiguously provides that all of defendant's 37½ acres must be located on the westerly side of the parcel. Because there is no evidence in the record concerning the parties' intent at the time of the stipulation with respect to the division of the parcel, "it was premature for the court to undertake construction of the clause without inquiring into the expectations of the parties at a hearing" (*Stukalin v Stukalin*, 147 AD2d 632 [1989]). Based on the record before us, we cannot conclude as a matter of law that the court's division of the parcel was in accordance with the intent of both parties. We therefore reverse the order and remit the matter to Supreme Court for a hearing to determine the intent of the parties at the time of the stipulation with respect to the division of the parcel in question.

All concur except Scudder, P.J., who dissents in part in accordance with the following memorandum.

Scudder, P.J. (dissenting in part). Although I agree with the majority that Supreme Court erred in ordering that the 75-acre parcel be divided in accordance with the survey map procured by plaintiff, I disagree with the majority that the parties' stipulation is ambiguous. I therefore respectfully dissent in part and would reverse the order, grant defendant's motion in part and direct plaintiff to transfer 37½ acres off the westerly side of the 75-acre parcel in question to defendant forthwith.

Pursuant to their stipulation, the parties agreed that defendant "would be entitled to one-half or 37½ acres off the westerly side of that parcel of 75 acres" located on Route 69. Thereafter, plaintiff obtained a survey that divided the 75-acre parcel in half such that defendant would have the northerly half of the parcel, with a 32-foot right-of-way along the western boundary in order to provide access to that portion of the parcel, and plaintiff would have the southerly half of the parcel, including all of the road frontage. The survey map establishes that the 75-acre parcel is essentially a rectangle and that the southwest border of the parcel, which is located on Route 69, is a "short" side of the rectangle. There is also a five-acre parcel on Route 69 on which the marital residence is located and, pursuant to the stipulation, plaintiff has exclusive possession of that parcel. The five-acre parcel is bordered on three sides by the 75-acre parcel and on one side by Route 69.

In seeking to enforce the stipulation, defendant sought an order directing plaintiff to transfer the westerly half of the parcel to him. In its decision, the court acknowledged that "this particular parcel of property[ ] was to be divided in half on an east—west basis and that to better define the properties there

was to be a survey prepared . . . ." However, the court determined that, because of "the lay of the land and the fact that there is a pond on the land . . . that . . . may be vital to the use of the improvements on the south portion of that land . . .[,] the original east—west division is not practical, [or] equitable . . . ." The court therefore modified the stipulation of the parties, not because it was ambiguous (*cf. Argento v Argento*, 304 AD2d 684, 685 [2003]), but because it determined that the stipulation was inequitable and impractical. The court therefore fashioned a remedy whereby it adopted the north-south division of the parcel, valued the parcels and directed plaintiff to pay defendant $12,000.

I disagree with the majority's conclusion that it is not clear from the stipulation "how much of defendant's 37½ acres must be from the 'westerly side' of the parcel," and thus that the stipulation is ambiguous. Indeed, plaintiff's counsel admitted at oral argument of this appeal that the agreement was not ambiguous and, instead, he asserted that plaintiff did not understand that the pond and a trailer would be located on that portion awarded to defendant. Plaintiff's affidavit in opposition to defendant's motion also states that plaintiff did not understand at the time of the stipulation that defendant would have the pond and a trailer located on the southwest portion of the parcel. Once the court saw the survey, it determined that the parties' agreement was inequitable because the pond and trailer were located on defendant's parcel. Despite the dissatisfaction of plaintiff and the court with the agreement, however, there is nothing about the stipulation itself that is ambiguous, and thus there is no need for a hearing to determine the intent of the parties (*cf. Gentile v Gentile*, 31 AD3d 1158 [2006]). The intent of the parties is clear from the stipulation and plaintiff has raised nothing more than a claim of a unilateral mistake. Inasmuch as there is no indication of fraud, duress or other inequitable conduct that induced the mistake, in my view, the court abused its discretion in failing to enforce that part of the stipulation (*see generally Vermilyea v Vermilyea*, 224 AD2d 759, 761 [1996]).

It is well established that "[a]n oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect" (*Argento*, 304 AD2d at 684-685). Thus, pursuant to general contract principles, the agreement "should . . . be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Pursuant to the terms of the stipulation, therefore, the parcel should

be divided from its northern boundary to its southern boundary so as to provide each party half of the parcel, and defendant should receive the westerly half. Here, although the court erred in modifying the parties' agreement, it properly determined that the terms of the agreement provided that all of defendant's 37½ acres were located on the westerly side of the parcel. In my view, by concluding that "there is no mechanism by which to determine how much of defendant's 37½ acres must be from the 'westerly side' of the parcel," the majority, in effect, adds a term to the agreement, i.e., that a portion, but not the whole of defendant's 37½ acres shall be from the westerly side of the parcel. Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.