Lewis v Thomas (2021 NY Slip Op 01511)





Lewis v Thomas


2021 NY Slip Op 01511


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 4124/05 Appeal No. 13345 Case No. 2018-4959 

[*1]Fred Lewis, Plaintiff-Respondent,
v
Desiree Thomas, Defendant-Appellant.


Desiree Thomas, appellant pro se.



Order, Supreme Court, Bronx County (La Tia W. Martin, J.), entered on or about October 11, 2018, which granted plaintiff husband's motion to compel defendant wife to sign a deed of rectification correcting an error in the deed for a property located in Trinidad in accordance with the terms of the parties' divorce agreement, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for a fact-finding hearing.
Contrary to the wife's contention, the court had jurisdiction over this matter even though the property in question was located abroad, as it seeks enforcement of a so-ordered stipulation of settlement entered into in connection with a New York matrimonial action. The subsequent judgment of divorce specified that New York would retain jurisdiction over issues related to the enforcement of the stipulation of settlement.
In the stipulation of settlement, the parties agreed that the wife would transfer her interest in a property in Trinidad to the husband in exchange for his payment of $100,000, and there is no dispute that the husband made that payment. However, the deed subsequently executed by the wife, after reciting the terms of the settlement agreement, provided that the wife was conveying her interest in the property to the husband "in fee simple, subject to the life interest in same that is to be retained by [her]." In opposition to the husband's application, the wife submitted an affidavit averring that the husband had voluntarily chosen to give her a life interest in the property since they had continued an intimate relationship after the divorce and that the deed was drafted by the husband's attorney. The husband denied the wife's claims of any continuing relationship or any oral agreement to modify the settlement agreement but did not dispute that his attorney drafted the language in the deed.
The stipulation of settlement is a contract that clearly reflected the parties' agreement that the husband would receive the wife's interest in the Trinidad property upon payment of $100,000 (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]). "To be effective, an oral modification must be fully executed or so acted upon that the enforcement of the original agreement would be inequitable and must be deemed withdrawn" (Laurence v Rosen, 228 AD2d 373, 375 [1st Dept 1996] [internal quotation marks omitted]). Here, the wife presented evidence that the deed giving her a life interest was not an error but memorialized the husband's subsequent decision to give her a life interest in the property. Since the deed itself contains contradictory provisions and ambiguous language, extrinsic evidence is admissible to determine the parties' intent (see LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 6 [1st Dept 2019]). To the extent the husband seeks reformation of the deed, he did not submit evidence sufficient to overcome the "heavy presumption that a deliberately prepared and executed written instrument manifest[s] the [*2]true intention of the parties" (see Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986] [internal quotation marks omitted]). Given the disputed factual issues concerning the parties' intent and whether they entered into a subsequent agreement concerning the property, a hearing is required to resolve the factual issues. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021