Lewis v Thomas (2024 NY Slip Op 05832)

Lewis v Thomas

2024 NY Slip Op 05832

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 4124/05 Appeal No. 3088 Case No. 2023-06185 

[*1]Fred Lewis, Plaintiff-Respondent,
v
Desiree Thomas, Defendant-Appellant.

Desiree Thomas, appellant pro se.
Fred Lewis, respondent pro se.

Appeal from order, Supreme Court, Bronx County (La Tia W. Martin, J.) entered on or about September 15, 2023, which, after a hearing, directed defendant wife to sign a deed of rectification based on the terms of a so-ordered stipulation of settlement entered into in conjunction with the parties' divorce, unanimously dismissed, without costs.
By order dated October 11, 2018, Supreme Court granted plaintiff husband's motion to compel defendant to sign a deed of rectification. Upon defendant's appeal of that order, this Court reversed and remanded the matter for a fact-finding hearing to resolve "disputed factual issues concerning the parties' intent and whether they entered into a subsequent agreement concerning the property" (Lewis v Thomas, 192 AD3d 508, 510 [1st Dept 2021]).
Defendant's failure to include the trial transcript in the record on appeal, a necessary element of an appellate record (see CPLR 5526), requires dismissal of the appeal from the September 15, 2023 order. The lack of a trial transcript "renders meaningful appellate review of this matter impossible" (Matter of Taschereau, 93 AD3d 532, 532 [1st Dept 2012], lv denied 19 NY3d 808 [2012] quoting Sebag v Narvaez, 60 AD3d 485, 485 [2009], lv denied 13 NY3d 711 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024